## Commonwealth *v.* Termine, Appellant.

*John R. Merrick,* Public Defender, for appellant.

*E. Goldberg,* Assistant District Attorney, with him *Larry Elliott Jones,* Assistant District Attorney, and *William H. Lamb,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 4, 1973.
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant Termine contends that his conviction for violation of the Uniform Firearms Act should be reversed as it was preceded by an illegal search and an illegal arrest.

On July 29, 1971 at 2:00 a.m., an officer of the Spring City Borough Police Department observed appellant and his companions driving through Spring City in a vehicle with defective tail lights. The policeman followed appellant's automobile and signalled him to a stop when the road conditions permitted. The appellant was not stopped until his vehicle had travelled two hundred feet beyond the Spring City Borough Limits. Upon learning of the defective tail lights, appellant unsuccessfully attempted to effectuate a repair.

Termine had a valid Nevada operator's license, but he was unable to produce the registration card for the motor vehicle. Appellant told the police officer that he had borrowed the car from the owner who was not available for verification at that time. The law enforcement officer suggested that they look in the glove compartment in an effort to discover the owner's card. During the course of the ensuing search, a .32 caliber revolver belonging to appellant was found.

Appellant argues that the police had no authority to search his vehicle incident to a stop for a motor vehicle violation. This comports with *Commonwealth v. Lewis*, 442 Pa. 98, 101, 271 A. 2d 51, 52 (1971) : "As we recently stated in Commonwealth v. Dussell, 439 Pa. 392, 266 A. 2d 659 (1970), the stopping of an automobile or the arrest of the driver of a motor vehicle for an ordinary traffic offense does not, without more, permit a warrantless search of the vehicle. To justify such a search, even though a movable vehicle is involved, an officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants. See Commonwealth v. Dussell, supra, and authorities cited therein." The *Dussell-Lewis* rationale does not apply where appellant consents to the search. This court need not decide whether or not appellant consented to the search because the police had no authority to make such a stop.

Township police officers may arrest a felon beyond the boundaries of their township provided that the arrest is made in hot pursuit of the offender who has just committed the crime. August 6, 1963, P. L. 511, No. 267, §1 (19 P.S. §11). In the case of a misdemeanor, law enforcement officers may make a warrantless

arrest where they have probable cause to believe that the offense is being committed in their presence; township police officers, however, may not cross township lines to make an arrest in hot pursuit of a misdemeanant. *Commonwealth v. Reeves,* 223 Pa. Superior Ct. 51, 297 A. 2d 142 (1972). Under the present state of the law, the proper approach would have been to radio across township lines for assistance rather than proceed into a neighboring township to make the arrest. Until the legislature grants this power to Township Police officers, this court should not permit local law enforcement officials to infringe upon the jurisdiction of other local law enforcement agencies by crossing township lines to arrest.

Accordingly, appellant's conviction should be reversed.