Commonwealth *v.* Jones, Appellant.

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Sebastian M. Rainone,* and *Rainone & Rainone,* for appellant.

*Bruce A. Franzel, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., March 31, 1975:

Appellant was convicted on January 27, 1972, following a jury trial, of burglary,[1] aggravated robbery,[2] assault and battery,[3] carrying a concealed deadly weapon[4] and violation of the Uniform Firearms Act.[5] Post-trial motions were filed and denied on June 22, 1972; however, the defendant's motion in arrest of judgment on the charge of carrying a concealed deadly weapon was granted. Appellant was sentenced to ten to twenty years

---

1. Act of June 24, 1939, P.L. 872, §901 (18 P.S. §4901).

2. Act of June 24, 1939, P.L. 872, §705 (18 P.S. §4705).

3. Act of June 24, 1939, P.L. 872, §708 (18 P.S. §4708).

4. Act of June 24, 1939, P.L. 872, §416, *as amended* (18 P.S. §4416).

5. Act of June 24, 1939, P.L. 872, §628, *as amended* (18 P.S. §4628 (e)). (carrying a firearm without a license).

imprisonment for aggravated robbery and one to two years imprisonment for assault and battery, sentences to run consecutively. Sentence was suspended on the burglary and weapons counts. A co-defendant was found not guilty on all charges.

Following conviction and sentencing, the appellant appealed to this court, where a judgment of non pros. was entered on April 17, 1973. As the result of a hearing on a petition pursuant to the Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965) 1580, §1, *et seq.* (19 P.S. §1180-1), appellant was granted leave to file an appeal, nunc pro tunc. This appeal followed pursuant to the granting of the petition.

In this appeal, appellant contends that the police officers lacked sufficient probable cause to arrest and search appellant and, therefore, the evidence found in the search should have been suppressed by the lower court. We find no merit to appellant's contention, and affirm the judgment of sentence.

The facts may be summarized as follows: On February 20, 1971, Geraghty's Bar, located in Philadelphia, was robbed by two men. The two men entered the bar carrying guns, with one man reaching into the cash register and removing money. One of the men also struck a patron on the forehead with a pistol. This patron was later able to identify the assailant as the appellant.

As the two men drove away, a patron noticed that the automobile had a red bottom and a black top. Prior to the robbery, two neighborhood children had observed a red automobile with a black top riding up and down the street in front of the bar. Each child memorized one-half of the six digit license plate. One child told the investigating detective that the first three digits were 86G, and the other child noted that the last three digits were either 662 or 226.

Two police officers, acting on the above information relayed over the police radio, stopped a maroon bottomed,

black topped automobile about six blocks from the scene of the robbery. The automobile bore the Pennsylvania license number 86G226. Appellant and another occupant were then arrested, and the automobile was searched. Inside the glove compartment, a twenty-two caliber revolver with a broken trigger guard was found. A piece of trigger guard, found on the floor of Geraghty's Bar, was later identified by a ballistics expert as a portion of the revolver found in the appellant's automobile. A motion to suppress the gun was argued and denied on September 7, 1971.

It is well established that a police officer is authorized to arrest without a warrant when he has probable cause to believe that a felony has been committed and that the person to be arrested is the felon. *Draper v. United States,* 358 U.S. 307 (1959) ; *Commonwealth v. Jackson,* 450 Pa. 113, 299 A.2d 213 (1973) ; *Commonwealth v. Vassiljev,* 218 Pa. Superior Ct. 215, 275 A.2d 852 (1971). Probable cause to justify a warrantless arrest exists if the facts and circumstances known to the officer at the time of the arrest would warrant a prudent man in believing that an offense has been committed, and the suspect was the perpetrator of that offense. *Brinegar v. United States,* 338 U.S. 160 (1949) ; *Commonwealth v. De Fleminque,* 450 Pa. 163, 299 A.2d 246 (1973); *Commonwealth v. Brown,* 230 Pa. Superior Ct. 214, 326 A.2d 906 (1974).

In the instant appeal, the arresting officers had been informed by police radio broadcast that a crime had taken place, that a red automobile with a black top and with a license number 86G662 or 86G226 had left the scene, and that two black males had been involved in the crime. About an hour later, six blocks from the bar, the arresting officers spotted an automobile matching this description occupied by two black males. At least the first three digits of the license plate were the same as those for the getaway car. We find these facts sufficient to

warrant a person of reasonable caution to believe that the persons in this vehicle had committed a crime, and the arrest was, therefore, constitutionally proper.

The appellant's argument that the search of the glove compartment was illegal also is without merit. It is well-settled that an automobile, because of its mobility, may be searched without the aid of a search warrant if there is probable cause to believe that the automobile contains articles entitled to be seized.[6] *Chambers v. Maroney,* 399 U.S. 42 (1970) ; *Carroll v. United States,* 267 U.S. 132 (1925) ; *Commonwealth v. Smith,* 443 Pa. 151, 277 A.2d 807 (1971). See also *Commonwealth v. One 1955 Buick Sedan,* 199 Pa. Superior Ct. 12, 184 A.2d 365 (1962). To justify a warrantless search of an automobile, the officer must have: "... independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants." *Commonwealth v. Lewis,* 442 Pa. 98, 101, 275 A.2d 51, 52 (1971). See also *Commonwealth v. Dussell,* 439 Pa. 392, 396, 266 A.2d 659, 661 (1970).[7]

---

6. Because we find the search following the arrest legal on the basis that sufficient probable cause existed to make an independent warrantless search, see *Carroll v. United States,* 267 U.S. 132 (1925), we do not reach the issue of whether the search of the automobile can be justified as incident to a lawful arrest. See *Chimel v. California,* 395 U.S. 752 (1969) ; *Preston v. United States,* 376 U.S. 364 (1964) ; *Commonwealth v. Smith,* 443 Pa. 151, 277 A.2d 807 (1971).

7. The appellant relies on the factual settings of *Lewis* and *Dussell* to uphold his contention that the search of the automobile was illegal. In both cases, the drivers of the automobiles were stopped for minor traffic violations and the police officers took the opportunity to search the stopped automobiles. In reversing the convictions, the Supreme Court noted that there is no right to

The facts already recited supporting probable cause and the legality of the arrest, also establish independent probable cause for a search of the automobile. See *Chambers v. Maroney*, 399 U.S. 42, 46 n.6 (1970) ("... as will be true in many cases, the circumstances justifying the arrest are also those furnishing probable cause for the search.") The description of the car, the license number, the number and race of the occupants, and the proximity both in time and location to the scene of the crime warrants a person of reasonable caution to believe that the automobile contained contraband and was itself an instrumentality of the crime.

For these reasons, we find that the facts in this appeal are sufficient to justify a finding that the police officers had probable cause to arrest and search the appellant, and, therefore, affirm the judgment of sentence.

---

search the automobile when an arrest is made for an ordinary traffic offense. See also *Commonwealth v. Termine*, 224 Pa. Superior Ct. 163, 303 A.2d 48 (1973); *Commonwealth v. Burgos*, 223 Pa. Superior Ct. 325, 299 A.2d 34 (1972).

However, in this appeal the police officers were dealing with a felony involving the use of deadly weapons and the proscriptions of *Lewis* and *Dussell* do not apply.