Commonwealth *v.* Merritt, Appellant.

Submitted September 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Kenneth Mirsky* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James J. Wilson, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., October 28, 1975:

This is an appeal from the judgment of sentence from the Court of Common Pleas of Philadelphia County by the defendant-appellant, Marvin Merritt, after conviction of burglary, larceny and receiving stolen goods. The appellant in this appeal is a co-defendant of the appellant in *Commonwealth v. Franks,* 235 Pa. Superior Ct. 327, 340 A.2d 456 (1975), where judgment of sentence was affirmed.

The only issue raised in the *Franks, supra,* case was the insufficiency of the evidence to sustain the convictions. This Court held the evidence to be sufficient. The facts are detailed in the *Franks* case. The appellant in this appeal raises one issue not raised in the *Franks* case, viz. that the car was illegally stopped and searched and, therefore, the evidence seized should have been suppressed.

Police officers received a radio message that a burglary had occurred at 2297 Bryn Mawr Avenue. They proceeded to that address, interviewed the owner of the home, and learned that two TV sets and some jewelry had been taken. One TV set was described as an RCA portable, the other as a portable console model with a gray and white cabinet. The officers began to patrol the area. They were only three blocks from the scene of the crime when they spotted a red Mercury making a left hand turn at a "high rate of speed." Its trunk was open approximately eighteen inches, and a gray and white portable TV was plainly visible. The officers, with the assistance of an emergency patrol wagon, stopped the car four blocks later. They lifted the trunk cover and found the two televisions described by the home owner. The three occupants of the car were patted down. At their feet the police found a watch later identified as one taken during the burglary. The three men were taken to the police station.

In *Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973), the Supreme Court said that the police do not have the unfettered discretion to stop any car they please. Rather, the Fourth Amendment requires that "before the government may single out one automobile to stop, there must be specific facts justifying this intrusion." *Swanger, supra,* at page 112, 307 A.2d at 878. Further, in *Commonwealth v. Lewis,* 442 Pa. 98, 275 A.2d 51 (1971), the Supreme Court held:

"The stopping of an automobile or the arrest of the driver of a motor vehicle for an ordinary traffic

offense does not, without more, permit a warrantless search of the vehicle. To justify such a search, even though a movable vehicle is involved, an officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants." *Lewis* at page 101, 275 A.2d at 52.

Here, the officers stopped a car travelling fast, three blocks from the scene of the crime, not more than an hour and a half from the time of the crime, with an object matching one that was stolen sticking from the trunk. Under these circumstances, we think the officers had sufficient cause to stop the car, search it, and arrest the occupants. See also, *Commonwealth v. DeFleminque,* 450 Pa. 163, 299 A.2d 246 (1973) ; *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727, cert. denied, 409 U. S. 867 (1972) ; *Commonwealth v. Brown,* 228 Pa. Superior Ct. 158, 323 A.2d 104 (1974).

Judgment affirmed.

JACOBS, J., concurs in the result.

———

DISSENTING OPINION BY PRICE, J.:

I respectfully dissent for the reasons set forth in my dissenting opinion in *Commonwealth v. Franks,* 235 Pa. Superior Ct. 327, 331, 340 A.2d 456 (1975). Leonard Franks was a co-defendant of the present appellant. As in *Franks,* I would sustain the conviction for receiving stolen goods, but would reverse the convictions for burglary and larceny.

HOFFMAN and SPAETH, JJ., join in this dissenting opinion.