347 A.2d 705

COMMONWEALTH of Pennsylvania

v.

Robert BLACK, Appellant (two cases).

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1975.

Decided Nov. 26, 1975.

Ronald A. Blumfield, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Robert Black, was tried by a judge and jury and found guilty of first-degree murder, robbery and conspiracy. Post-trial motions were denied and appellant was sentenced to life imprisonment. These appeals followed.

On November 30, 1972, Sidney Adelman, a druggist in Philadelphia, was shot to death during a robbery of his drug store. Appellant was arrested near the scene and was charged with the crime. After a jury trial, appellant was convicted of murder, conspiracy and robbery; hence this appeal.

 Appellant raises one allegation of error in these appeals. He argues that a Commonwealth witness, testifying on direct examination, stated that he knew appellant because he had just come home from the "Hill," and therefore made the jury aware that he had been in Camp Hill, a juvenile detention center, prior to his trial. Appellant contends that this reference prejudiced his case. We do not agree. While the law of this Common-

wealth states that any reference to crimes unrelated to the crime for which a defendant is currently on trial is inadmissible, and possibly reversible error if it is admitted, we are of the opinion that the statement in the instant case does not fall within this prohibition. See *Commonwealth v. Sharpe*, 449 Pa. 35, 296 A.2d 519 (1972). The use of the name "Hill" to denote Camp Hill is an abbreviation used by persons familiar with the center. There is little probability that any of the jurors would have such an acquaintance with the center as to know it solely by the use of the word "Hill." Moreover, the reference to Camp Hill was not elicited from the Commonwealth witness in a direct attempt to establish that appellant had a prior record, but was elicited as an answer to a question as to how the witness knew appellant from his neighborhood. There was no further probing into the Camp Hill incarceration. See *Commonwealth v. Cannon*, 453 Pa. 389, 309 A.2d 384 (1973). In addition, the reference to the "Hill" was an isolated reference and could hardly be said to prejudice appellant's trial. See *Commonwealth v. Palmer*, 463 Pa. 26, 342 A.2d 387 (1975).

Judgments of sentence affirmed.

ROBERTS, J., concurs in the result.