369 A.2d 317

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Michael MARKLE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1976.

Decided Nov. 22, 1976.

William F. Ochs, Jr., Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from Judgment of Sentence rendered on November 26, 1975. Appellant had been charged with and indicted for criminal attempt, a violation of the "Crimes Code", § 901, Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 901. The crime which appellant allegedly attempted to commit was that of escape from official detention, formerly known as prison breach, a violation of the "Crimes Code", *supra,* § 5121. Jury trial was held on January 13–14, 1975, and the jury returned a verdict of guilty.

The facts show that at or about 8:00 P.M. on May 5, 1974, while appellant was incarcerated in the Berks County Prison, he was found lying in the recreation yard of the jail, outside of cell block "C" to which he was assigned, but within the prison compound. A bag of clothing was next to appellant, who was calling for help and who stated that he had jumped from the roof. Ap-

pellant could not walk due to a leg injury, and he was removed from the yard on a stretcher for medical attention. At approximately 10:00 P.M. that night, following investigation, a hole was found in the roof of "C" block.

■■ Appellant raises a sufficiency of the evidence claim, arguing that a witness for him had testified, and was not contradicted, that appellant had only been trying to prevent the witness' escape.[1] Contrary to appellant's argument, the testimony on behalf of the Commonwealth clearly shows that appellant was not in "C" block where he was assigned in the prison, that he admitted jumping from the roof, and that there was a hole in the roof. The prosecution is entitled to the reasonable inferences arising from its testimony. *Commonwealth v. Portalatin,* 223 Pa.Super. 33, 297 A.2d 144 (1972). The obvious inference in this case is that appellant climbed through the hole, removing himself from the area of the prison where he belonged. In this context was presented to the jury the factual issue as to whether appellant had committed the crime charged. The jury disbelieved appellant's evidence. *Commonwealth v. Rankin,* 441 Pa. 401, 272 A.2d 886 (1971).

■ Appellant next raises the argument that he was prejudiced by the lower court's refusal to grant his motion for continuance, requested immediately prior to commencement of trial. We find to be proper the lower court's determination that there was adequate time to prepare his defense and to call in those witnesses whom appellant believed were necessary, particularly in view of the fact that the trial on January 13, 1975, was a re-trial ordered by the lower court on December 13, 1974, the first trial having been commenced on December 9, 1974. The appellant advances no argument to show that he was prejudiced by the refusal to continue, and does not state why the month intervening was not adequate preparation

1. This individual, Robert Brunner, made good his escape.

112

time. The trial judge's discretion was properly exercised. *Commonwealth v. Brown*, 229 Pa.Super. 67, 323 A.2d 845 (1974).

[4] Appellant's third allegation refers to the Commonwealth's evidence when the county prison warden was on the stand:

"Q  [By the attorney for the Commonwealth]: With reference to the defendant, Joseph Michael Markle, was he on May 5th, 1974, under official detention at the Berks County Prison?

"A  Yes.

. . . . . . . .

"Q  What was the reason for the official detention?

"A  He was being held on a felony charge."

Appellant's counsel immediately asked for a mistrial, which the trial judge denied. The elements of the crime of criminal attempt are 1) intent to commit a specific crime, and 2) the doing of any act "which constitutes a substantial step toward the commission of that crime". "Crimes Code", *supra*, § 901(a). In order to prove these elements, it is necessary to establish by competent evidence the elements of the crime attempted. Here the crime attempted was escape, one of the elements of which is removing oneself "from official detention". "Crimes Code", *supra*, § 5121(a).

"Official Detention" is defined in § 5121(e) of the Crimes Code as follows:

"(e)  *Definition.*—As used in this section the phrase 'official detention' means arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but the phrase does not include supervision of probation or parole, or constraint incidental to release on bail."

In order to prove the charge against appellant of attempted escape, the Commonwealth had to prove among other things that appellant was held in "official detention". That phrase, under the Crimes Code, means "detention in any facility for custody of persons under charge . . . of crime." In proving this phase of its case the Commonwealth may properly show that appellant was being held on a felony charge. In considering an indictment for attempted escape the jury or judge has a right to know the reason for which the defendant is being held. In furnishing this proof, the attorney for the Commonwealth did not attempt to bring out the specific crime or to develop any details of the offense with which he was charged. The jury (in this case) knowing that appellant was being held in jail would certainly be aware that he was no doubt charged with some criminal offense. The general nature of this offense was proper information for the jury. The appellant would have this element of the crime tried in a vacuum and leave unexplained the reason why he was in jail. The trial judge, in his charge to the jury, gave the following instruction:

"Members of the jury, the defendant did not take the stand in this case. You are instructed that it is entirely up to the defendant in every criminal trial whether or not to testify. He has an absolute right founded on the Constitution to remain silent. You must not draw any inference of guilt from the fact that the defendant did not testify.

"In addition, members of the jury, testimony has been introduced that the defendant was in Berks County Prison on May 5th, 1974, awaiting trial on a felony charge for which he is not on trial. You are instructed to consider this evidence only for the limited purpose of determining whether or not the defendant was under official detention at the time in question and for no other purpose. This evidence must not be considered by you in any way other than for the purpose I

just stated. You must not regard this evidence as showing that the defendant is a person of bad character or criminal tendencies from which you might be inclined to infer guilt. If you find the defendant guilty, it must be because you are convinced by the evidence that he committed the crime charged and not because he may have been involved in other improper conduct."

From the clarity of this instruction to the jury and the limited purpose for which the reason for appellant's detention was permitted into evidence, we find that appellant was not prejudiced.

■ Lastly, appellant argues reversible error from the lower court's refusal to grant a mistrial, requested following this cross-examination by the Commonwealth of Robert Brunner, the witness mentioned hereinabove:

"Q How long have you known Joseph M. Markle?

"A For just about a year.

. . . . . .

"Q How long did you know him before May 5th, 1974?

"A I didn't know him before May 5th—I had seen him before when I was in Graterford before, but I had just passed him once or twice."

Judge Edenharter denied a mistrial motion and immediately cautioned the jury as follows:

"Members of the jury, you are instructed to disregard the answer of this witness to the last question put to the witness by the district attorney and strike it completely from your minds."

Appellant argues that the reference was to Graterford prison and that this was prejudicial error in the minds of the jurors.

The answer given by the witness was not at all responsive to the question asked him. The attorney for the Commonwealth was making no attempt to establish ap-

pellant's connection, whatever it may have been, with Graterford prison or that he had a prior criminal record. There was no probing into appellant's incarceration there. The immediate curative instruction by the trial judge was in keeping with *Commonwealth v. Robson*, 461 Pa. 615, 337 A.2d 573 (1975). There was nothing dramatic or emotionally inflammatory such as might not enable a jury to follow the judge's instruction to disregard this answer of the witness. *Commonwealth v. Brown*, 444 Pa. 318, 282 A.2d 364 (1971). This isolated reference considered in the light of the trial judge's prompt corrective action could not be said to have prejudiced appellant's trial. See *Commonwealth v. Black*, 464 Pa. 604, 347 A.2d 705 (1975).

Affirmed.

SPAETH, J., files a concurring opinion in which HOFFMAN, J., joins.

SPAETH, Judge, concurring:

I disagree with the majority's statement that the Commonwealth could "properly show that appellant was being held on a felony charge." Majority opinion at p. 319. What the Commonwealth could properly show was that appellant was in "detention . . . under charge or conviction of crime." The Crimes Code, Act of December 6, 1972, P.L.1482, No. 334, 18 Pa.C.S. § 5121(e). A "crime" may be either a felony or a misdemeanor, or even, according to the opinion of a majority of this court, a summary offense, *In Interest of Golden*, 243 Pa.Super. 267, 365 A.2d 157 (1976) (Jacobs, J., dissenting, Spaeth, J., joining him). It is unnecessary to show that the crime was a felony. Thus, the question we must decide is whether, by gratuitously proving that the crime was a felony, the Commonwealth so prejudiced appellant that the motion for mistrial should have been granted. Considering the trial judge's charge, I think not.

HOFFMAN, J., joins in this opinion.