391 A.2d 662

**COMMONWEALTH of Pennsylvania**

v.

**Milton BELGRAVE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided July 12, 1978.

Warren R. Hamilton, Philadelphia, for appellant.

John G. Siegle, Assistant District Attorney, Media, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

## ORDER

PER CURIAM:

The court is unanimous that on the merits the convictions should be affirmed for the reasons stated in Judge CERCONE's Concurring and Dissenting Opinion. However, JACOBS, P. J., and HOFFMAN, PRICE and SPAETH, JJ., are of the opinion that the judgment of sentence should be vacated and the case remanded for resentencing under *Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972).

So ordered.

CERCONE, J., files a Concurring and Dissenting Opinion in which VAN der VOORT, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

CERCONE, Judge, concurring and dissenting.

Following a jury trial appellant and three co-defendants were found guilty of felonious restraint,[1] false imprison-

---

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334; 18 Pa.C.S. § 2902. By virtue of the Act of December 30, 1974, P.L. 1120, No. 361, § 2, imd. effective; the name of this crime was changed from "Felonious Restraint" to "Unlawful Restraint."

ment,[2] simple assault,[3] and recklessly endangering another person.[4] Post-trial motions were denied and appellant was sentenced to the following consecutive terms of imprisonment: simple assault—one to two years; recklessly endangering another person—one to two years; false imprisonment—one to two years; and felonious restraint—two and one-half to five years.

The record discloses that the events giving rise to appellant's arrest occurred on November 2, 1974, in Chester, Pennsylvania. On that date at approximately 3:30 P.M., Lois Washington and her husband, Samuel, arrived by automobile at the home of Mrs. Washington's mother. Mrs. Washington testified that after her husband parked their car he engaged in a conversation with appellant, who was standing nearby. In the meantime, Mrs. Washington entered her mother's home. Approximately fifteen minutes later Mrs. Washington was suddenly summoned outside by a neighbor who informed her that, "some muslims is outside beating your husband up." Mrs. Washington stated she ran outside and saw her husband being assaulted by several men in the back seat of a car. Mrs. Washington identified appellant and his co-defendants as the assailants, and stated that they were all on top of her husband "just punching him and beating him." She further testified to hearing one of appellant's co-defendants say, "kill him, kill him."

At this point, Mrs. Washington ran down the street seeking help. Finding none, she returned to the scene of the beating and saw the car—with her husband inside it and still being assaulted—being driven away by appellant. She then reported this incident to the police giving them a description of the vehicle, the men inflicting the beating, and the clothes her husband was wearing.

2. Crimes Code, supra; 18 Pa.C.S. § 2903.

3. Crimes Code, supra; 18 Pa.C.S. § 2701.

4. Crimes Code, supra; 18 Pa.C.S. § 2705.

Appellant and his confederates were arrested later that evening when the Chester police stopped a car matching the description supplied by Mrs. Washington.

 Appellant contends that the evidence was insufficient to sustain the verdict. "The test for the sufficiency of evidence in a criminal case is whether, viewing all of the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Bastone,* 466 Pa. 548, 552, 353 A.2d 827, 829 (1976); *Commonwealth v. Whitfield,* 474 Pa. 27, 376 A.2d 617 (1977). Moreover, it is axiomatic that it is within the province of the jury to pass upon the credibility of witnesses and determine the weight to be accorded the evidence adduced. *Commonwealth v. Alston,* 461 Pa. 664, 337 A.2d 597 (1975); *Commonwealth v. Murray,* 460 Pa. 605, 334 A.2d 255 (1975). Instantly, I entertain no doubt that Mrs. Washington's testimony was clearly sufficient to prove appellant's guilt beyond a reasonable doubt. Appellant's argument that the proof was deficient with respect to the crimes of unlawful restraint and false imprisonment because there was no evidence that the victim was forced into the abducting vehicle or restrained from leaving has no merit. Given Mrs. Washington's testimony that her husband was being assaulted in the back seat of the car by several assailants, whom he forcibly resisted, the jury could reasonably infer that the victim was being restrained against his will.

Appellant next asserts the lower court erred in failing to grant his motion to suppress evidence seized from the vehicle at the scene of arrest. A short recitation of the events surrounding appellant's arrest demonstrates the lack of merit in this argument.

 Officer Richard Shott testified that he and his partner had been furnished with the information supplied by Mrs. Washington concerning the beating and abduction of

her husband—including the license plate number of the car in question. Officer Shott stated he spotted the suspect car and stopped it on the evening of November 2, 1974. Upon approaching the car on foot from the rear, he observed the occupants in the rear seat bend over and gesture as if they were attempting to hide something under the rear seat. The officer then shined his flashlight into the rear window and observed what appeared to be a rifle butt. At this point, the occupants were ordered out of the car at gunpoint and frisked. A search of appellant, who was driving the vehicle, disclosed six .38 calibre bullets and two shotgun shells. The officer then seized the object protruding from under the rear seat of the car which proved to be a loaded sawed-off shotgun. A further search of the car revealed two additional loaded firearms. In addition, several items of apparently blood-stained clothing were discovered in the vehicle.

In *Commonwealth v. Lewis,* 442 Pa. 98, 101, 275 A.2d 51, 52 (1971), the Court addressed itself to the issue of warrantless vehicle searches and pertinently stated:

"The stopping of an automobile or the arrest of the driver of a motor vehicle for an ordinary traffic offense does not, without more, permit a warrantless search of the vehicle. *To justify such a search, even though a movable vehicle is involved, an officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants.*" [Emphasis supplied.]

See also *Commonwealth v. Dussell,* 439 Pa. 392, 396, 266 A.2d 659 (1970). Both *Lewis* and *Dussell* concerned warrantless vehicle searches following arrests for ordinary motor vehicle violations; however, in *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727, cert. denied, 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972), the Court applied the above

principles to the warrantless search of a vehicle which was initially stopped on suspicion of a felony. Indeed, the warrantless search in *Shaffer* was sustained on the basis of events and circumstances no more compelling than those faced by the arresting officers in the case at bar. In short, it is abundantly clear that the warrantless search here challenged was both reasonable and constitutionally permissible. See also *Commonwealth v. Smith,* 452 Pa. 1, 304 A.2d 456 (1973); *Commonwealth v. Merritt,* 237 Pa.Super. 127, 346 A.2d 361 (1975); *Commonwealth v. Jones,* 233 Pa.Super. 461, 335 A.2d 789 (1975).

■ Appellant next takes issue with the fact that three police officers each testified on direct examination that blood stains were found on certain articles seized from the car at the scene of arrest. It is apparently appellant's position that the Commonwealth was guilty of prosecutorial misconduct in eliciting this testimony because it was later developed on cross-examination that laboratory tests had earlier proved inconclusive as to whether the stains were actually "blood" stains. Assuming arguendo that the prosecutor deliberately elicited this testimony, I do not believe a new trial is required. " 'Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial. *A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.'* " [Emphasis in original; citations omitted.] *Commonwealth v. Goosby,* 450 Pa. 609, 611, 301 A.2d 673, 674 (1973) quoting from *Commonwealth v. Phillips,* 183 Pa.Super. 377, 382, 132 A.2d 733 (1957); *Commonwealth v. Palmer,* 463 Pa. 26, 342 A.2d 387 (1975). The testimony here complained of is not, in my opinion, of such an egregious character that it may reasonably be found to have deprived appellant of a fair trial. See *Commonwealth v. Palmer,* supra. Moreover, the references to "blood stains" were isolated in nature and received no further mention in the trial. See *Commonwealth v. Black,*

464 Pa. 604, 347 A.2d 705 (1975); *Commonwealth v. Palmer,* supra. Finally, as in *Palmer,* supra, appellant's present claim of prejudice is belied by his failure to request a cautionary instruction. See also *Commonwealth v. Stakley,* 243 Pa.Super. 426, 365 A.2d 1298 (1976).

Lastly, appellant contends the sentences imposed were illegal in that the offenses of unlawful restraint and false imprisonment merge, as likewise do the crimes of recklessly endangering another person and simple assault.[5] I agree.

As previously indicated, all of the charges against appellant arose out of the same criminal transaction, i. e., the beating and abduction of Samuel Washington on November 2, 1974. In determining whether the respective charges merge the test to be applied "is . . . whether one crime necessarily involves another . . . ." *Commonwealth v. McCusker,* 363 Pa. 450, 457, 70 A.2d 273, 276 (1950), citing *Commonwealth ex rel. Moszcynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941); *Commonwealth v. Hill,* 237 Pa.Super. 543, 353 A.2d 870 (1976). Moreover, ". . . in order for one crime necessarily to involve another, the essential elements of one must also be essential elements of the other." *Commonwealth v. Olsen,* 247 Pa.Super. 513, 372 A.2d 1207, 1211 (1977).

Instantly, 18 Pa.C.S. § 2902, supra, provides, in relevant part, that a person commits the crime of unlawful restraint "if he knowingly: (1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury." The crime of false imprisonment, on the other hand, is completed when a person "knowingly restrains another unlawfully so as to interfere substantially with his liberty." 18 Pa.C.S. § 2903, supra. Since unlawfully restraining a person "in circumstances exposing him to risk of

---

5. This issue was not raised in the lower court. Nevertheless, it may properly be addressed since the question of the legality of a sentence is never waived. *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Wilks,* 250 Pa.Super. 182, 378 A.2d 887 (1977).

serious bodily injury" 18 Pa.C.S. § 2902, would necessarily constitute a substantial interference with the victim's liberty, 18 Pa.C.S. § 2903, false imprisonment is thus a lesser included offense of unlawful restraint.[6] In other words, once the crime of unlawful restraint has been proved, no additional facts are necessary to prove false imprisonment. Thus, the two offenses merged.

With respect to appellant's remaining assertion of merger, the crime of recklessly endangering another person, 18 Pa.C.S. § 2705, is committed when the defendant "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." The offense of simple assault is established if the defendant:

"(1) attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon; or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. § 2701.

Employing the same analysis we applied to appellant's preceding merger argument, we conclude that under the circumstances of this case the court erred in imposing sentence on both simple assault and recklessly endangering another person. Once the Commonwealth established that appellant engaged in conduct which placed or may have placed Mr. Washington "in danger of death or serious bodily injury" (18 Pa.C.S. § 2705) then, under the unique facts of this case, it necessarily also proved that appellant, at the minimum, attempted to cause bodily injury to the victim (18 Pa.C.S. § 2701(a)(1)). Therefore, for the purposes of sentencing in this case the crimes of simple assault and recklessly endangering another person merged.

6. As the Comment of the Joint State Government Commission (1967) states: "This section (2902) establishes a crime between kidnapping and false imprisonment. It is intended to cover restraints which do not reach the magnitude of kidnapping but are somewhat more serious than mere false imprisonment." Toll, *Pennsylvania Crimes Code Annotated* (1974), § 2902 at page 343.

Consequently, in accordance with our inherent power to amend sentences, *Commonwealth v. Lovett,* 218 Pa.Super. 201, 275 A.2d 835 (1971); *Commonwealth v. Hill,* supra, I would vacate the judgment of sentence on the charge of simple assault and affirm the judgment of sentence imposed on the charge of recklessly endangering another person.

In addition, pursuant to this same power, I would vacate the judgment of sentence on the charge of false imprisonment and affirm the judgment of sentence imposed on the charge of felonious (unlawful) restraint.

VAN der VOORT, J., joins in this opinion.