J-S05042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NICHOLAS D. GENNARO :
:
Appellant : No. 825 MDA 2021

Appeal from the Judgment of Sentence Entered May 19, 2021
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000111-2021

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 30, 2022**

Appellant, Nicholas D. Gennaro, appeals from the May 19, 2020 Judgment of Sentence entered in the Bradford County Court of Common Pleas after a jury convicted him of Escape, Attempted Escape, and Institutional Vandalism.[1]  Appellant challenges the sufficiency of the evidence and raises a due process claim.  Upon careful review, we affirm.

The relevant factual and procedural history is as follows.  On March 17, 2020, the Commonwealth charged Appellant with numerous felonies including Receiving Stolen Property ("RSP"), Fleeing or Attempting to Elude Law Enforcement, Possession of a Controlled Substance, Recklessly Endangering Another Person ("REAP"), as well as various summary driving offenses after Appellant operated a stolen vehicle and led police on a high-speed chase.

---

[1] 18 Pa.C.S. §§ 5121(a), 901, and 3307(a)(3), respectively.

Appellant was unable to post bail, which the court set at $200,000, and he remained incarcerated at the Bradford County Correction Facility ("BCCF") from March 17, 2020, through July 16, 2020.

On July 13, 2020, at approximately 1:00 AM, Corrections Officer ("CO") James Guenther discovered that Appellant was missing from his jail cell. Appellant's cell mate, William Stern, flagged down CO Guenther and pointed to the ceiling of the cell. CO Guenther observed a hole in the ceiling the size of a basketball. When CO Guenther could not locate Appellant in the cell, he immediately initiated a "Code Red," locked down the facility, notified the warden, and called for backup from the state police. Warden Donald Stewart arrived at BCCF, entered the cell, and proceeded to fit his head and shoulders through the hole in the ceiling and into a crawlspace. Using a flashlight, Warden Stewart observed Appellant in a corner of the crawlspace, under a blanket, with coffee and prison uniforms around him. Warden Stewart gave verbal commands for Appellant to climb down back into the cell, but Appellant was noncompliant. Warden Stewart ordered officers to obtain tools to widen the ceiling hole to remove Appellant from the crawl space. After about fifteen minutes, Appellant lowered himself through the hole into the cell and officers were able to apprehend him. The Commonwealth subsequently charged Appellant with Escape, Attempted Escape, Institutional Vandalism[2].

---

[2] The Commonwealth initially charged Appellant with Escape and Institutional Vandalism. The Commonwealth subsequently amended the complaint to include Attempted Escape.

Following this incident, Warden Stewart determined Appellant was a security risk at the county jail and petitioned the Department of Corrections ("DOC") to house Appellant as a pretrial detainee at a state prison. The DOC subsequently transferred Appellant to SCI Rockview.[3]

On March 25, 2021, Appellant filed an Omnibus Pre-Trial Motion which, *inter alia*, included a request to transport Appellant back to BCCF so that he could meet with counsel and prepare for trial. On April 16, 2021, after a video hearing, the trial court denied Appellant's request to return to BCCF.

On April 27, 2021, at a pretrial conference where Appellant was not present, Appellant's counsel informed the court that Appellant had fired him. The court conducted a ***Grazier*** hearing on May 14, 2021, and ultimately granted Appellant's request to represent himself at trial.

On May 18, 2021, a jury trial commenced. The Commonwealth presented testimony from County Detective Kyle Wisel, CO James Guenther, and Warden Stewart, who testified to the above events. Additionally, Warden Stewart testified that the ceiling of Appellant's cell was reinforced with metal wire and metal support bars that Appellant bent and broke to enter the crawl space. Warden Stewart explained that once Appellant was in the crawl space above the cell, he ran into a "dead end" of four concrete walls and a solid metal roof confining him. N.T. Trial, 5/18/21, at 60. Finally, Warden Stewart

_____

[3] On September 18, 2020, Appellant entered a *nolo contendre* plea to RSP, Fleeing or Attempting to Allude a Police Officer, and REAP and the trial court imposed an aggregate sentence of six to eighteen months' incarceration.

confirmed that Appellant did not obtain permission from staff to enter the crawl space above his cell.

Appellant presented testimony from Trooper Justin Walton, who wrote the original police criminal complaint. Trooper Walton confirmed that he wrote in the report that Appellant "was positioned in the ceiling within the confines of the cell perimeter and unable to escape further" when he was located. *Id.* at 74-75. Appellant chose not to testify on his own behalf.

At the close of evidence, Appellant invoked his right to counsel and stand-by counsel made a closing argument.

The jury found Appellant guilty of Escape, Attempted Escape, and Institutional Vandalism. The trial court sentenced Appellant to an aggregate sentence of eleven to forty-eight months' incarceration to be served consecutively to his other sentences.

Appellant timely appealed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Was the evidence adduced at trial sufficient to establish guilty beyond a reasonable doubt with regard to the charge of [A]ttempted [E]scape and [E]scape?

2. Was Appellant denied due process when he was a county inmate housed at a state correctional facility, was not present at his pre-trial conference, and given three days to prepare himself for trial?

Appellant's Br. at 7 (reordered for ease of disposition).

Appellant first challenges the sufficiency of the evidence supporting his conviction for Escape and Attempted Escape. Appellant argues that because he was not outside of his cell, but rather in the ceiling above his cell, the evidence adduced at trial was insufficient to convict him of both. Appellant's Br. at 17.

"When considering a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish every element of the offense beyond a reasonable doubt." *Commonwealth v. Reaser*, 851 A.2d 144, 147 (Pa. Super. 2004) (citation omitted). "In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder." *Commonwealth v. Melvin*, 103 A.3d 1, 39–40 (Pa. Super. 2014) (citation omitted). "[T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.* (citation omitted). Additionally, the Commonwealth need not establish facts and circumstances that preclude every possibility of innocence. *Commonwealth v. Estepp*, 17 A.3d 939, 943 (Pa. Super. 2011). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* (citation omitted). Notably, the Commonwealth may

sustain its burden by presenting wholly circumstantial evidence. *Melvin*, 103 A.3d at 40.

Relevant to this appeal, a person is guilty of Escape if he "unlawfully removes himself from official detention[.]" 18 Pa.C.S. § 5121(a). Section 5121(e) further provides that "official detention" includes "detention in any facility for custody of persons under charge or conviction of crime[.]" *Id.* at § 5121(e). Escape is graded as a felony of the third degree if the actor was "under arrest for or detained on a charge of a felony[.]" *Id.* at § 5121(d)(1)(i)(A).

Moreover, "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." *Id.* at 901(a).

Pertinent here, in *Commonwealth v. Markle*, 369 A.2d 317 (Pa. Super. 1976), this Court affirmed a conviction for Escape under similar circumstances. This Court concluded that when staff discovered a defendant lying in the exercise yard outside of his assigned cell block and found a hole in the cell block roof, it could be reasonably inferred that the defendant had removed himself from the area of the prison where he belonged and, thus, was guilty of Escape despite the fact he was still inside the confines of the prison. *Id.* at 318.

Instantly, the trial court found that Appellant left his area of "official detention" when he left the four walls of his cell and entered the crawlspace above the cell. The court relied on *Markle*, *supra*, to conclude that when

Appellant left the confines of his assigned cell, he was guilty of the crime of Escape, regardless of the fact that he was still inside of the prison. The trial court opined:

> Appellant was confined within the walls, floor[,] and ceiling of his cell. Appellant had to force his way into the crawlspace above the ceiling by breaking through masonry work and wire reinforcement. He left the area he was confined to, despite still being within the prison. He passed through a solid barrier in the ceiling, thus leaving the area of "official detention[,]" a critical element of [E]scape. As noted in **Markle**, [] a person under official detention does not need to fully leave the confines of incarceration to be guilty of [E]scape. Therefore, this issue is without merit.

Trial Ct. Op., dated 5/19/21, at 9.

The trial court also concluded that Commonwealth presented sufficient evidence to prove Attempted Escape and opined: "Appellant broke into the ceiling of his cell and crawled through it. The jury was free to infer that such an act was done with intent to commit the crime of Escape and that it was a substantial step toward the commission of same." **Id.** at 10.

Upon review, we agree with the trial court that the Commonwealth presented sufficient evidence to convict Appellant of Escape and Attempted Escape. The evidence presented at trial demonstrated that Appellant was incarcerated pending bail on felony charges, that he was confined and locked inside of a cell, that he was not permitted to leave his cell, that he created a hole larger than a basketball in the cell ceiling, and that he climbed into the crawlspace above the cell with extra clothes, coffee, and other personal items only to be stopped by cinderblock walls. Viewing the evidence presented at trial in the light most favorable to the Commonwealth, sufficient facts of record

support the factfinder's conclusion Appellant unlawfully removed himself from official detention when he entered the crawlspace above his cell and the factfinder's inference that Appellant intended to commit the crime of Escape when he took the substantial step of breaking through the ceiling in his cell. Accordingly, the Commonwealth presented sufficient evidence to sustain convictions for Escape and Attempted Escape and Appellant's claim fails.

In his second issue, Appellant avers that he was "denied due process when he was a county inmate housed at a state correctional facility, was not present at his pre-trial conference, and [was] given three days to prepare himself for trial." Appellant's Br. at 7. The crux of Appellant's argument is that he did not have adequate time to prepare for trial, which commenced four days after the *Grazier* hearing where the trial court granted Appellant's request to represent himself at trial. *Id.* at 14. This claim is waived for two reasons.

First Appellant failed to preserve this claim of error by requesting a continuance at the start of trial. It is axiomatic that "[t]he failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue." *Commonwealth v. Tucker*, 143 A.3d 955, 961 (Pa. Super. 2016) (citation omitted).

Secondly, Appellant failed to include this due process claim in his Rule 1925(b) statement and is raising the claim for the first time on appeal. In his Rule 1925(b) statement, Appellant included an averment that when the trial court denied Appellant's motion to transfer him from SCI Rockview to BCCF,

the trial court denied him his right to counsel. Rule 1925(b) Statement, 7/27/21, at ¶ 7. On appeal, Appellant pivots and raises a new claim that, while representing himself, he did not have adequate time to prepare for trial. Appellant's Br. at 14. Appellant's failure to include this new claim in his Rule 1925(b) statement provides another reason for this Court to find waiver. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

In conclusion, the Commonwealth presented sufficient evidence to convict Appellant of Escape and Attempted Escape and Appellant's due process claim is waived.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/30/2022