## Commonwealth v. Lane, Appellant.

Submitted November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John H. Corbett, Jr.,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., September 22, 1975:

Appellant made four separate sales of heroin to under-cover agents over a two-week period and as a result was indicted on two bills, each bill having two counts charging possession with intent to deliver a controlled substance,[1] two counts charging possession of a controlled substance,[2] and two counts charging delivery of a controlled substance.[3] At a jury trial before Judge STRAUSS, demurrers to the counts charging possession with intent to deliver were sustained, but appellant was convicted on the possession and delivery counts. Following a pre-sentence investigation and report, he was sentenced as follows:

On indictment number 10367A—

Count 1—Possession with intent to deliver—demurrer sustained;

Count 2—Delivery—fine plus five to ten years in prison;

---

1. Act of April 14, 1972, P.L. 233, No. 64, as amended Oct. 26, 1972, P.L. 1048, No. 263, §13(a)(30), 35 P.S. §780-113(a)(30) (Supp. 1974-75).

2. *Id.,* §13(a)(16), 35 P.S. §780-113(a)(16) (Supp. 1974-75).

3. *Id.,* §13(a)(30), 35 P.S. §780-113(a)(30) (Supp. 1974-75).

Count 3—Possession—two to four years in prison, to run concurrently to Count 2;

Count 4—Delivery—two to four years, consecutive to Count 2;

Count 5—Possession with intent to deliver—demurrer sustained;

Count 6—Possession—two to four years concurrently to Count 4;[4]

On indictment number 10202A—

Count 1—Possession with intent to deliver—demurrer sustained;

Count 2—Delivery—five to ten, concurrently to sentence on Count 2 of 10367A;

Count 3—Possession—two to four, concurrently to sentence on Count 3 of 10367A;

Count 4—Possession with intent to deliver—demurrer sustained;

Count 5—Delivery—two to four, concurrently to Count 4 on 10367A;

Count 6—Possession—two to four, concurrently to Count 6 on 10367A.

This is an appeal *nunc pro tunc* from the judgments of sentence entered on indictment number 10202A.

The first claim is that the sentences on Counts 3 and 6 for possession are illegal; this is correct. The convictions for possession are based on violations of Section 13(a) (16) of The Controlled Substance, Drug, Device and Cosmetic Act of 1972, *supra*, 35 P.S. §780-113(a) (16) (Supp.

---

4. The judge's oral recitation of the sentences does not conform with the listing of the counts on the indictment, and the listing of the counts does not conform with the list of sentences entered on the back of the indictment; the discrepancy reflects some confusion on the numbering of the counts. This list given here is a composite of the oral statements at the sentencing hearing and the sentences entered by the judge on the indictment proper, and reflects the judge's clear intent with respect to the sentences and demurrers.

1974-75). The applicable provision is in Section 13(b) of the Act, 35 P.S. §780-113(b): "Any person who violates any of the provisions of clauses (1) through (20) of subsection (a) shall be guilty of a misdemeanor, and . . . shall, on conviction thereof, be sentenced to imprisonment not exceeding one year or to pay a fine not exceeding five thousand dollars ($5,000), or both . . .; but, if the violation is committed after a prior conviction of such person for a violation of this act under this section has become final, such person shall be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding twenty-five thousand dollars ($25,000), or both." Until the convictions in this case, appellant had no convictions under Section 13 of the Act of 1972. He was therefore not a repeat offender to whom the second clause of Section 13(b) would apply, because none of the counts on which he was convicted was "prior" to any other count, and none of the convictions was "final." The maximum legal sentence for each count of possession was thus one year. We have the statutory authority to amend a sentence that is illegal *per se* and will do so in this case. Act of July 31, 1970, P.L. 673, No. 223, art. V, §504, 17 P.S. §211.504. *See also Commonwealth v. Lowett,* 218 Pa. Superior Ct. 201, 275 A.2d 835 (1971).[5] We cannot disturb the judgments of sentence entered on indictment number 10367A, however, as no appeal from those judgments was taken.

Appellant also claims that because the testimony of the undercover agents was uncorroborated and denied by him, it is insufficient as a matter of law. This claim is frivolous.

---

5. There was no objection to the sentence until this appeal. However, a sentence that exceeds the statutory maximum is not subject to waiver. *Commonwealth v. Walker,* 234 Pa. Superior Ct. 433, 340 A.2d 858 (1975); *Commonwealth v. Tisdale,* 233 Pa. Superior Ct. 77, 334 A.2d 722 (1975); *Commonwealth v. Rispo,* 222 Pa. Superior Ct. 309, 294 A.2d 792 (1972).

The sentences on Counts 3 and 6 of indictment number 10202A are modified to 6 months to one year on each count, to run concurrently to the sentences on Counts 3 and 6 respectively of indictment number 10367A. Otherwise the judgments of sentence on indictment number 10202A are affirmed.