Commonwealth *v.* Richardson, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Reggie B. Walton* and *John W. Packel,* Assistant Defenders, and *Benjamin Lerner,* Defender, for appellant.

*Daniel P. McElhatton, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., February 2, 1976:

On March 17, 1975, the appellant was convicted by the court below, sitting without a jury, of theft by unlawful taking or disposition.[1] Post-trial motions were denied by the lower court, and the appellant was sentenced to three years probation. Appellant's first contention is that the evidence adduced at trial was insufficient to sustain his conviction.

At trial, the Commonwealth sought to establish through the testimony of three witnesses that the appellant was guilty of unlawfully removing a radiator from a 1964 Cadillac. The first witness, Police Officer Jastrzembski, testified that on February 18, 1974, at approximately 9:55 a.m., he arrested the appellant who was standing about thirty feet from the Cadillac. Next, the owner of the car, Edward Carter, testified that a radiator had been stolen from his car sometime between 8:30 and 10:00 that morning, that he had been able to identify the stolen radiator at the police station after the incident, that he had never given anyone permission to remove the radiator, and that there had never been an "abandoned car" sticker on his vehicle. The Commonwealth's final witness, Police Detective Finnerty, testified that the appellant had responded to questioning about the stolen radiator by stating that he had removed the radiator at the request of a stranger who had asked for his assistance. Specifically, Detective Finnerty testified that Richardson had declared the following:

> "That he [appellant] was with a guy that he didn't know his name. He [stranger] just asked me to give him a hand with a car, to take a radiator out. He stated that the car had an abandoned sticker on the auto and he thought it was okay to take anything he wanted to from the auto." (NT 24)

In determining whether the evidence was sufficient to support the verdict of guilty, we view the Common-

---

1. 18 Pa.C.S. §3921.

wealth's evidence as true and recognize that the prosecution is entitled to all reasonable inferences therefrom. *Commonwealth v. Eiland,* 450 Pa. 566, 301 A.2d 651 (1973); *Commonwealth v. Portalatin,* 223 Pa. Superior Ct. 33, 297 A.2d 144 (1972). So viewed, the record shows that the lower court correctly denied the appellant's post-trial motions and that the conviction was adequately supported.

To be guilty of theft by unlawful taking or disposition, the Pennsylvania Crimes Code requires that a person unlawfully take, or exercise unlawful control over, movable property of another with intent to deprive him thereof. 18 Pa.C.S. §3921(a). While it is true that the Commonwealth must prove every essential element of a crime beyond a reasonable doubt, it is well established that the Commonwealth may sustain this burden by means of wholly circumstantial evidence. *Commonwealth v. Cimaszewski,* 447 Pa. 141, 288 A.2d 805 (1972); *Commonwealth v. James,* 230 Pa. Superior Ct. 186, 326 A.2d 548 (1974). A conviction may not rest solely upon conjecture or surmise. *Commonwealth v. Bailey,* 448 Pa. 224, 292 A.2d 345 (1972). Recognizing this, it is beyond question that the mere presence of an individual at the scene of a crime is not a sufficient circumstance upon which to predicate a conviction. *E.g., Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966). However, the instant record not only establishes the appellant's presence at the scene of the crime, but also reveals that the appellant had made an incriminating statement connecting himself with the theft. Certainly, evidence of an oral admission of guilt plus proximity to the scene of the crime may form a sufficient basis in law to sustain the charge of theft. *Cf. Commonwealth v. Fortune,* 456 Pa. 365, 318 A.2d 327 (1974); *Commonwealth v. Manson,* 230 Pa. Superior Ct. 527, 327 A.2d 182 (1974). However, a conviction which is premised solely upon mere proximity to the scene of the crime and an ambiguous declaration by

414

the accused will not be sustained. *Commonwealth v. Fortune,* 456 Pa. 365, 318 A.2d 327 (1974). Notwithstanding the appellant's contention to the contrary, we believe that the evidence presented in the instant case was sufficiently precise to allow the fact-finder to conclude beyond a reasonable doubt that the appellant participated in the alleged theft.

The record shows that the appellant made his statement after being informed by the police that he was about to be questioned about the stolen radiator. From the immediate context of the questioning, there can be no doubt that the appellant's response directly concerned Mr. Carter's radiator. And, although intended to be exculpatory in nature, the appellant's statement could easily give credence to the allegation that he had unlawfully taken the radiator from Mr. Carter's Cadillac. We therefore affirm the appellant's conviction.

The appellant also contends that the sentence of three years probation was unlawful *per se* because it exceeds the statutorily prescribed limit for the offense charged. Under the Pennsylvania Crimes Code, a sentence of more than one year may not be imposed in the case of a misdemeanor of the third degree. 18 Pa.C.S. §1104(3). A misdemeanor of the third degree occurs when the amount involved in the theft is less than $50. 18 Pa.C.S. §3903 (b) (2) (Supp. 1975-76). Here, the complainant, Edward Carter, testified that the stolen radiator had a value of $40. Therefore, we agree that the sentence imposed was illegal and remand this case for resentencing consistent with this opinion.[2]

---

2. Although the appellant did not object to the sentence until this appeal, we have previously held that a sentence which is unlawful per se is not subject to waiver. *Commonwealth v. Lane,* 236 Pa. Superior Ct. 462, 345 A.2d 233 (1975); *Commonwealth v. Walker,* 234 Pa. Superior Ct. 433, 340 A.2d 858 (1975).