375 A.2d 125

**COMMONWEALTH of Pennsylvania**

v.

**Terry Lee WALLS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided June 29, 1977.

John M. Cascio and James O. Courtney, Somerset, for appellant.

Frederick F. Coffroth, District Attorney, Somerset, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On December 3, 1973, appellant was placed on probation for two years after being convicted of aggravated assault and battery. On September 15, 1975, appellant pleaded guilty to charges of criminal trespass, receiving stolen property, theft by deception, and burglary. On October 6, 1975, appellant's probation was revoked and on October 14, 1975, appellant was sentenced on all of the above charges.

The sentences on the convictions for criminal trespass, receiving stolen property, theft by deception, and burglary were made to run concurrently. However, these sen-

tences were all made to run consecutively to the sentence on the aggravated assault and battery conviction, for which appellant had originally been placed on probation. The lower court judge's reason for imposing a consecutive sentence is revealed by his statement at the sentencing hearing:

"One thing I want to make sure you understand, Mr. Walls, is that according to the law we must sentence you on your old charge first, where the probation was revoked, and then we sentence you on your new charges, and the sentences on the new charges cannot begin until the sentence on the old charge is served. We cannot make them run at the same time—concurrently. That's the law. We couldn't make it otherwise if we wanted to, do you understand that?"

Appellant contends that this was error. The Act of June 19, 1911, P.L. 1055, § 10 (61 P.S. § 305), *as amended*, provides that if a person released on parole is convicted of a crime, the remainder of the sentence on the original crime must be served before commencement of the sentence on the second crime. Our court has interpreted this statute to mandate consecutive sentences for parole violators. *Commonwealth v. Terry*, 229 Pa.Super. 443, 323 A.2d 82 (1974); *Commonwealth v. Draper*, 222 Pa.Super. 26, 293 A.2d 614 (1972).

There is no statute, however, that prohibits a court from imposing concurrent sentences when a person violates probation by committing a crime. Therefore, the general discretion inherent in a lower court's sentencing power would seem to apply. *See also* Pa.R.Crim.P. 1406; 18 Pa.C.S. § 1321(a); 18 Pa.C.S. § 1371(b).

We need not decide this issue, however, because appellant failed to object or otherwise bring the error to the lower court's attention. Although we have held that a sentence which is unlawful *per se* cannot be waived, *Commonwealth v. Richardson*, 238 Pa.Super. 410, 357 A.2d 671 (1976); *Commonwealth v. Lane*, 236 Pa.Super. 462, 345 A.2d 233 (1975); *Commonwealth v. Rispo*, 222 Pa.Super. 309, 294 A.2d 792 (1972), it is also clear that some errors in sentencing may be waived. *See Commonwealth v. McConnell*, 470

Pa. 312, 368 A.2d 646 (1977); *Commonwealth v. Strand*, 464 Pa. 544, 347 A.2d 675 (1975); *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974); *Commonwealth v. Donnelly*, 233 Pa.Super. 396, 336 A.2d 632 (1975), *cert. denied*, 424 U.S. 974, 96 S.Ct. 1477, 47 L.Ed.2d 744 (1976).

The alleged error in this case is one that is subject to waiver, for it is no different than any other trial error which must be preserved for review by a prompt specific objection. Appellant admits that the sentence was not unlawful *per se.* To hold that no waiver occurred would place us in the position of ruling on important legal issues without the advantage of a trial court ruling. Such a procedure also deprives the lower court of an immediate opportunity to correct its own errors. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Therefore, appellant must be deemed to have waived the error.

██ Appellant also complains of the severity of the sentence. Appellant may serve a minimum of three years or a maximum of eight years in jail. If he had received the maximum sentence permissible, he would have received a sentence of up to 39 years in jail. Thus, the sentence is not excessive. The lower court was acting well within its discretion. *Commonwealth v. Johnson*, 235 Pa.Super. 185, 340 A.2d 515 (1975).

The judgment of sentence of the lower court is affirmed.

HOFFMAN, J., files a dissenting opinion in which CERCONE and SPAETH, JJ., join.

HOFFMAN, Judge, dissenting:

Appellant contends that the sentencing judge misapplied the law, and therefore, abused his discretion in imposing sentence. I agree and would remand for resentencing.

At the sentencing hearing the lower court made the following statement:

"One thing I want to make sure you understand, Mr. Walls, is that according to the law we must sentence you on your old charge first, where the probation was revoked, and

then we sentence you on your new charges, and the sentences on the new charges cannot begin until the sentence on the old charge is served. We cannot make them run at the same time—concurrently. That's the law. We couldn't make it otherwise if we wanted to, do you understand that?"

The Majority correctly concludes that this was an erroneous statement of the law. Nonetheless, the Majority refuses to grant appellant relief because he failed to bring the error to the attention of the lower court. I do not believe that appellant has waived this allegation of error.

Initially, I note that no established procedure exists for appellate review of a sentence imposed subsequent to a guilty plea unless the challenge is to the legality of the sentence.[1] See, *Commonwealth v. Hayes*, 462 Pa. 291, 341 A.2d 85 (1975). Consequently, it might seem that appellant's only recourse would be to petition the lower court to withdraw his guilty plea and proceed to trial. However, this procedure would produce an undesirable result for both appellant and the Commonwealth, because neither wishes to proceed to trial. I do not believe that appellant should be denied review of his sentence simply because he does not wish to withdraw his plea. By filing a direct appeal from the judgment of sentence, appellant has utilized the only effective method at his disposal of obtaining appellate review of his sentence.[2]

In *Commonwealth v. Person*, 450 Pa. 1, 297 A.2d 460 (1972), appellant pleaded guilty. On direct appeal he alleged that the trial court abused its discretion by imposing an unduly severe sentence. Appellant did not raise this error before the trial court. The Supreme Court reviewed the

1. Following the court's acceptance of a guilty plea, an appellant "may contest on appeal only the validity of his pleas and the lawfulness of his sentence." *Commonwealth v. Hayes*, supra, 462 Pa. 291 at 297, 341 A.2d at 88, citing *Commonwealth v. Ward*, 442 Pa. 351, 357, 275 A.2d 92, 95 (1971).

2. Normally, sentencing questions are raised for the first time on direct appeal from the judgment of sentence. Post-verdict motions raise issues concerning pre-trial, and trial errors. The lower court rules on these motions prior to sentencing. See, Pa.R.Crim.P. 1123.

merits of appellant's claim and found no abuse of discretion. Therefore, in the instant case, I believe that we have a duty to review appellant's challenge to his sentence. Moreover, our Supreme Court has cited with approval the ABA Standards Relating to Appellate Review of Sentencing, § 3.2 (Approved Draft, 1968). These standards require us to review:

"(ii) the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based." *Commonwealth v. Martin*, 466 Pa. 118, 132, 351 A.2d 650, 657 (1976). Thus, although we cannot exercise *de novo* review, we have a duty to view with some scrutiny the sentence imposed.

Finally, I believe that *Commonwealth v. Henderson*, 234 Pa.Super. 525, 341 A.2d 195 (1975), provides persuasive authority which requires us to remand the instant case for resentencing. In *Henderson*, no written post-trial motions were filed, but immediately following trial, defense counsel argued that the Commonwealth had failed to produce sufficient evidence. On appeal to our Court appellant raised two new issues: (1) the Act under which she was sentenced denied female offenders the equal protection of the laws, (2) the lower court erred in considering the maximum sentence for the crime of involuntary manslaughter provided by the new Crimes Code[3] when the crime occurred prior to the effective date of the new Code. 234 Pa.Super. at 527, 341 A.2d at 196. We first held that we were precluded from addressing the merits of appellants constitutional claim because she had failed to raise it to the lower court. Although appellant did not raise her second allegation of error to the lower court, we held that the case must be remanded for reconsideration of the sentence. In *Henderson*, the trial judge believed that the applicable maximum sentence was five years as set forth under the new Crimes Code, despite the fact that the crime occurred several months prior to the Code's effective date. In fact, the applicable lawful maximum for the crime was three years. The court imposed a

**3.** The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1.

lawful sentence of three years. Nonetheless we held: "It is true that the court imposed a lawful sentence, but it is certainly possible that the court was influenced by the increased severity attached to this crime by the legislature. Thus, had the court considered the lawful maximum sentence, *i.e.*, three years, it might have imposed a lesser sentence than three years. Thus, we must remand to the trial court for reconsideration of sentence. In all other respects, the case is affirmed." 234 Pa.Super. at 529–30, 341 A.2d at 197.

In the instant case, the lower court misapprehended the applicable law governing revocation of probation. It indicated that it was compelled by law to impose all sentences on appellant's new charges consecutively to the imposition of sentence on the probation revocation charge. Although the court imposed a sentence which was within its discretionary power it is obvious that it was influenced by its erroneous misapprehension of the law. If it had correctly considered the applicable law, it might have imposed a lesser sentence than three years.

I would remand to the trial court for reconsideration of the sentence.

CERCONE and SPAETH, JJ., join in this dissenting opinion.