375 A.2d 383

**COMMONWEALTH of Pennsylvania**

v.

**Albert FRAL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided June 29, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On May 7 and 8, 1974, appellant was tried before a judge sitting without a jury and convicted of theft by deception [1] and forgery.[2]  Post-trial motions were filed but subsequently withdrawn prior to sentencing, which took place August

1.  18 Pa.C.S. § 3922.

2.  18 Pa.C.S. § 4101.

20, 1974. A sentence of three years concurrent probation was imposed on each indictment, and additionally, appellant was ordered to make restitution in the amount of $3,000. On March 3, 1976, a violation of probation hearing was held wherein appellant was charged with failure to make continuing restitution payments as ordered by the court. At that time appellant's counsel moved that the portion of appellant's sentence ordering restitution be vacated on the ground that the court had no power to make such an order initially. The court took this motion under advisement, and on March 24, 1976, it denied the motion to vacate the sentence of restitution, finding the issue to be not timely raised. Further, the court found appellant in violation of his probation, revoked the original probation and imposed a new sentence of six years probation conditioned on restitution payments of $30.00 per month. The instant appeal is from that disposition.

In *Commonwealth v. Flashburg*, 237 Pa.Super. 424, 352 A.2d 185 (1975), we held that no court in the Commonwealth had power to order restitution for criminal acts occurring in the period between June 6, 1973 and March 30, 1975. On the former date the Crimes Code [3] repealed and replaced most of the Penal Code,[4] while the latter was the effective date of section 1321(c) of the Crimes Code, the statute which presently gives the courts of this state the power to order restitution. "This court has held, on several occasions, that a defendant cannot be ordered to make restitution unless restitution is a statutorily authorized penalty. *Commonwealth v. Jackson*, 218 Pa.Super. 357, 280 A.2d 422 (1971); *Commonwealth v. Gross*, 161 Pa.Super. 613, 56 A.2d 303 (1948); *Commonwealth v. Rouchie*, 135 Pa.Super. 594, 7 A.2d 102 (1939); *Commonwealth v. Boyle*, 108 Pa.Super. 598, 165 A. 521 (1933). Therefore, if no statute authorized restitution, the court had no power to order it. (footnote omitted)." *Commonwealth v. Flashburg, supra*, 237 Pa.Super. at 428, 352 A.2d at 187. In this case, the criminal acts for

3. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1 (18 Pa.C.S. § 101) *et seq.*

4. Act of June 24, 1939, P.L. 872, § 101 (18 P.S. § 4101) *et seq.*

which appellant was convicted took place in October and November, 1973. It is thus clear under *Flashburg, supra,* that the trial court had no power to impose a sentence of restitution on appellant.

In its opinion the lower court states that, although our decision in *Flashburg* was subsequent to appellant's conviction, because that decision was based on construction of statutes which were in effect prior to appellant's trial, appellant's failure to raise the restitution claim at sentencing and to take a direct appeal require a finding that the claim is waived. The cases, however, hold otherwise. "[W]e have held that a sentence which is unlawful per se cannot be waived, *Commonwealth v. Richardson,* 238 Pa.Super. 410, 357 A.2d 671 (1976); *Commonwealth v. Lane,* 236 Pa.Super. 462, 345 A.2d 233 (1975); *Commonwealth v. Rispo,* 222 Pa.Super. 309, 294 A.2d 792 (1972) . . . ." *Commonwealth v. Walls,* 248 Pa.Super. 335, 375 A.2d 125 (1977). *See also Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976).

The order of the lower court finding appellant in violation of his probation was based on appellant's failure to comply with the schedule of restitution payments which had been set up in compliance with the judgment of sentence. Because the court below had no power to impose upon appellant a sentence which included restitution, it was improper for the court to find appellant in violation of his probation for failing to comply with that condition. We therefore reverse the order of March 24, 1976, and remand the case for imposition of a legal sentence.

JACOBS, J., would reinstate the original sentence of probation.