386 A.2d 103

**COMMONWEALTH of Pennsylvania**

v.

**Willie James POMPEY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided April 28, 1978.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant Willie James Pompey was tried before a judge and jury, and on September 24, 1976, was found guilty of burglary. No post-verdict motions were filed. Appellant was sentenced on December 3, 1976, to a term of eleven to twenty-three months imprisonment. Appeal was taken to our court from the judgment of sentence, the sole issue being whether the failure of the trial court to advise appellant (pursuant to Pa. Rule of Criminal Procedure 1123) of his right to the assistance of counsel in filing post-verdict motions entitles appellant to the right to now file such motions nunc pro tunc.

In *Commonwealth v. Miller*, 469 Pa. 370, 366 A.2d 220 (1976) and *Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975), our Supreme Court determined from the record that the defendants had most likely been misled by the

lower court and therefore could not have knowingly and intelligently waived their appeal rights. The Supreme Court remanded both cases to permit the defendants to file post-verdict motions nunc pro tunc. In *Commonwealth v. Tate*, 464 Pa. 25, 346 A.2d 1 (1975) and *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1974), however, the Supreme Court was unable to determine from the record whether or not the appellants had knowingly and intelligently waived the right to file post-verdict motions; in these cases, the Supreme Court therefore remanded for a determination of whether or not the waivers were knowing and intelligent.

Because in the case before us the lower court failed to advise appellant that he had the right to the assistance of counsel in filing post-verdict motions, we are unable to find that appellant knowingly and intelligently waived the right to file post-verdict motions. We therefore remand this case to the lower court for an evidentiary hearing to make such a determination. If the lower court finds that appellant's failure to file post-verdict motions resulted from his lack of knowledge of the right to the assistance of counsel in filing post-verdict motions and that appellant therefore did not knowingly and intelligently waive the right to file post-verdict motions, then the lower court shall permit appellant to file post-verdict motions nunc pro tunc. If the lower court finds that appellant's failure to file the motions did not result from appellant's lack of knowledge of the right to the assistance of counsel in filing such motions, then the judgment of sentence shall stand affirmed.

Remanded with instructions.

JACOBS, President Judge, and SPAETH, J., dissent on the ground that the Supreme Court has now decided that in all cases in which a defendant did not receive adequate instructions under Pa.R.Crim.P. 1123(c), the proper remedy is to remand for filing of post-verdict motions *nunc pro tunc. Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (1978).

WATKINS, former President Judge, did not participate in the consideration or decision of this case.