389 A.2d 1180

**COMMONWEALTH of Pennsylvania**

v.

**Joseph YOUNG, Appellant.**

Superior Court of Pennsylvania.

Submitted March 30, 1977.

Decided July 12, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On April 26, 1976, appellant was convicted of three counts of aggravated assault,[1] one count of carrying a firearm on a public street[2] and one count of possessing an instrument of crime.[3] No post-trial motions were filed, and on July 13, 1976, appellant was sentenced as follows: Six to twelve years imprisonment on the aggravated assault conviction at No. 75 March Term, 1976, six to fifteen years imprisonment on the two other aggravated assault convictions at Nos. 76 and 77 March Term, 1976, and two to five years imprisonment on each of the two weapons offenses at Nos. 78 and 79 March Term, 1976. In this appeal it is contended that (1) the sentences on the aggravated assault convictions are illegal, (2) appellant was not advised of his post-verdict rights under Pa.R.Crim.P. 1123, and (3) trial counsel was ineffective for failing to file post-verdict motions and failing to object to the illegal sentences.[4] We find appellant's first two claims to be meritorious and do not reach the third.

Aggravated assault is an offense which constitutes under the indictments herein a felony of the second degree. 18 Pa.C.S. § 2702(b). The maximum term of imprisonment which may be imposed on a second degree felony conviction is ten years, 18 Pa.C.S. § 1103(2), and the minimum term cannot exceed half the maximum, 19 P.S. § 1057,[5] or in this case five years. Claims based on sentences which are unlawful per se are not subject to waiver. *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Richardson*, 238 Pa.Super. 410, 357 A.2d 671 (1976); *Commonwealth v. Lane*, 236 Pa.Super. 462, 345 A.2d 233 (1975). The sentences on appellant's aggravated assault convictions are patently illegal, exceeding the statutory limits as to both maximum and minimum, and cannot be allowed to stand.

1. 18 Pa.C.S. § 2702.

2. 18 Pa.C.S. § 6108.

3. 18 Pa.C.S. § 907.

4. The Commonwealth has not favored us with a brief.

5. Act of June 19, 1911, P.L. 1055, § 6 (19 P.S. § 1057) *as amended.*

■ Appellant also seeks relief on the basis of the trial court's failure to apprise him of his post-conviction rights. Pa.R.Crim.P. 1123(c) states:

> Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal.

None of this information was imparted to appellant following the verdict herein. The lower court's total failure to comply with Rule 1123(c) precludes a finding that appellant's failure to file post-trial motions was voluntary and understanding, as the law requires. *Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975); *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1974). Appellant is thus entitled to file post-verdict motions nunc pro tunc. *Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (1978); *Commonwealth v. Babb*, 246 Pa.Super. 471, 371 A.2d 933 (1977); *Commonwealth v. Miller*, 232 Pa.Super. 171, 335 A.2d 528 (1975).

The other lower court proceeding included in this appeal, No. 1150 May Term, 1976, is appellant's guilty plea to a charge of escape.[6] No claims are asserted as to this conviction or the sentence imposed thereon. The judgment of sentence at No. 1150 May Term, 1976, is, therefore, affirmed.

As to Nos. 75/79 March Term, 1976, the case is remanded for compliance with Pa.R.Crim.P. 1123. Should appellant's post-trial motions be denied, he must be resentenced on the convictions at Nos. 75, 76 and 77 in accordance with this opinion.

CERCONE, J., concurs in the result.

6. 18 Pa.C.S. § 5121.

396

HOFFMAN, J., files a concurring and dissenting opinion in which VAN der VOORT, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

HOFFMAN, Judge, concurring and dissenting:

I agree with the Majority that the sentences on appellant's aggravated assault convictions are patently illegal and cannot be allowed to stand. However, I do not agree that the trial court's failure to comply with Pa.R.Crim.P. 1123(c); 19 P.S. Appendix, automatically entitles appellant to file post-verdict motions *nunc pro tunc.* Instead, I believe that we should remand the instant case (Nos. 75/79, March Term, 1976) for an evidentiary hearing on whether appellant knowingly and voluntarily waived his right to file post-verdict motions.

Our Court has recently decided two cases which compel us to remand the instant case for an evidentiary hearing rather than the filing of post-verdict motions *nunc pro tunc. See Commonwealth v. Rinier,* 255 Pa.Super. 166, 386 A.2d 560 (1978); *Commonwealth v. Pompey,* 254 Pa.Super. 583, 386 A.2d 103 (1978). *Pompey,* in particular, is identical to the case at bar: both Young and our appellant failed to file any post-verdict motions. Because the lower court in *Pompey* failed to comply with Rule 1123(c), we remanded to allow the lower court to determine, after an evidentiary hearing, whether appellant knowingly and voluntarily waived his right to file post-verdict motions. *Rinier* presented slightly different facts. In *Rinier,* the defendant initially filed post-verdict motions, but later withdrew them before appealing. However, Rinier did articulate a principle which, I submit, explains the result in *Rinier* and *Pompey* and governs the instant case. When the record does not rule out the possibility that trial counsel's advice may have served as an effective substitute for the lower court's failure to comply with Rule 1123(c), we should remand for an evidentiary hearing to determine whether trial counsel in fact gave this advice and whether his client made a knowing and intelligent

waiver of his post-verdict motions rights.[1] Here, as in *Rinier* and *Pompey*, we cannot tell what post-verdict motion advice, if any, counsel gave appellant.[2] Accordingly, we must remand for an evidentiary hearing to determine whether appellant knowingly and voluntarily waived his right to file post-verdict motions. *Commonwealth v. Tate*, supra; *Commonwealth v. Schroth*, supra; *Commonwealth v. Rinier*, supra; *Commonwealth v. Pompey*, supra.[3]

VAN der VOORT, J., joins in this concurring and dissenting opinion.

1. If the record reveals that counsel could not have effectively advised his client of the panoply of post-verdict motion rights and procedures, then the appropriate remedy for a trial court's failure to comply with Rule 1123(c) is to remand for the filing of post-verdict motions nunc pro tunc. See *Commonwealth v. Rinier*, supra. For example, when the trial court fails to observe Rule 1123(c) and counsel files only boilerplate post-verdict motions, we remand for the filing of post-verdict motions nunc pro tunc because it is manifest that counsel did not understand the operation of Rule 1123 and that his advice could not have served as an effective substitute for the court's non-compliance with Rule 1123(c). See *Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (Filed Feb. 28, 1978); *Commonwealth v. Brown*, 248 Pa.Super. 289, 375 A.2d 102 (1977).

2. I note that in some respects, *Rinier* is a stronger case for requiring an evidentiary hearing than *Young*. In *Rinier*, the defendant signed a petition for leave to withdraw his post-verdict motions; this petition stated that defendant's counsel had fully advised his client of his rights. Thus, the record contained some affirmative indication that appellant had knowingly and voluntarily waived his post-verdict motion rights. In *Pompey*, by contrast, the record was silent as to whether the defendant received any advice from counsel concerning the significance and necessity of post-verdict motions. Nevertheless, following well-established Supreme Court precedent, we remanded for an evidentiary hearing. See *Commonwealth v. Tate*, 473 Pa. 478, 375 A.2d 341 (1977); *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1974).

3. Once again, I urge the Supreme Court to undertake a full scale review of appellate case law concerning the proper remedy for a lower court's neglect to comply with Rule 1123(c). I also reiterate my recommendation that the Supreme Court consider the appropriateness of a per se rule allowing the filing of post-verdict motions *nunc pro tunc* whenever a trial court violates Rule 1123(c). See *Commonwealth v. Rinier*, supra, 255 Pa.Super. at 177–178, 386 A.2d at 566, n. 9.