390 A.2d 800

**COMMONWEALTH of Pennsylvania**

v.

**James Philip McGOUGH, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided July 12, 1978.

4.  Am.Jur. 2nd. Vol. 51, p. 162–3.

5.  Am.Jur. 2nd. Vol. 51, p. 172.

Oliver E. Mattas, Jr., Assistant Public Defender, Altoona, for appellant.

William J. Haberstroh, Assistant District Attorney, Altoona, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The six Judges who decided this appeal being equally divided, the judgment of sentence is affirmed.

An Opinion Per Curiam in Support of Affirmance is filed in which JACOBS, President Judge, and PRICE and VAN der VOORT, JJ., join.

SPAETH, J., files an opinion in support of reversal in which HOFFMAN and CERCONE, JJ., join.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

OPINION IN SUPPORT OF AFFIRMANCE

PER CURIAM:

The defendant, James Philip McGough, pled guilty on July 22, 1975 to two counts of violating Section 8(13) of the Pharmacy Act, 1961, September 27, P.L. 1700, Section 8, 63 P.S. 390–8(13) in the Court of Common Pleas of Blair County. The two charges to which he pled guilty arose out of two separate indictments for attempting to obtain drugs with forged prescriptions. The indictments concerned two separate attempts to obtain drugs with forged prescriptions, the incidents occurring approximately one month apart.

The court below sentenced the defendant to pay costs, to pay a fine of $200 and to undergo imprisonment for a period of not less than six months nor more than one year on the charge in one indictment and to pay costs, to pay a fine of $300 and to undergo imprisonment for a period of not less than one year, nor more than two years, to be served consecutively to the sentence previously imposed, on the second indictment. Defendant now appeals the sentence claiming that it was excessive.

The sentencing provision of Section 8 of the Pharmacy Act, 63 P.S. 390–8(15) provides that:

"(15) Any person who violates any of the provisions of this section 8 is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to undergo imprisonment for not more than one year or pay a fine of not more than $5,000, or both, and for *each subsequent offense,* shall be sentenced to undergo imprisonment of not more than 3 years or to pay a fine of not more than $15,000, or both." (Emphasis added)

The Dissenting Opinion takes the position that the Legislature, by its use of the words "each subsequent offense" in Section 8 of the Pharmacy Act, did not intend to give the court discretion to impose a more severe sentence on a defendant who is before the court for the first time, even though that defendant may already be a multiple offender. Rather the Dissent would equate the words "each subse-

quent offense" with the words "prior conviction" as set forth in Section 13(a)(16) of the Controlled Substance, Drug, Device and Cosmetic Act of 1972, 35 P.S. 780–113(a)(16). Under the latter Act a defendant may only be given a more severe sentence as a multiple offender if he has had prior convictions under the applicable section of The Controlled Substance Act. *Commonwealth v. Lane,* 236 Pa.Super. 462, 345 A.2d 233 (1975). However, The Controlled Substance Act in dealing with multiple offenders provides in Section 13(b) of the Act, 35 P.S. 780–113(b) in part:

"but, if the violation is committed after a *prior conviction* of such person for a violation of this Act under this section . . . such person shall be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding $25,000, or both." (Emphasis added)

The penalty for first offenders is a fine not exceeding $5,000 and imprisonment for not more than one year, under this Act. Thus, in the latter Act there is clearly a requirement that a defendant have had prior convictions before he may be treated as a repeat offender while in the former Act (Pharmacy Act) there is no such requirement. Had the Legislature intended the result proferred by the Dissent it would have inserted the words "prior convictions" in the Pharmacy Act as it did in The Controlled Substance Act. Since it chose not to do so we must assume that it meant not to do so. It is not for us to add, by interpretation, to a statute, a requirement which the Legislature did not see fit to include. *Commonwealth v. Rieck Inv. Corp.,* 419 Pa. 52, 213 A.2d 277 (1965). Therefore, we hold that the court below was correct in treating the defendant as a multiple offender because he did, on two separate occasions attempt to obtain drugs with forged prescriptions. It could very well be that the Legislature determined that one who attempts to obtain drugs in such a manner is to be subject to more severe treatment for multiple offenses than one who is a mere user of drugs and is charged under the Controlled Substance Act, supra. In any event, it is for the Legislature to add the words "prior conviction" to the Pharmacy Act if

it chooses to do so. Until it does so, we hold that a court may treat as a multiple offender one who had committed several offenses even though he is convicted of these offenses in one proceeding.

The sentence being well within statutory limits and the defendant having committed two offenses, we find that the sentence was not excessive.

Judgment of sentence affirmed.

JACOBS, President Judge, PRICE and VAN der VOORT, JJ., join in this opinion per curiam.

## OPINION IN SUPPORT OF REVERSAL

SPAETH, Judge:

In January, and again in February, 1975, appellant attempted to obtain drugs with forged prescriptions. He was separately indicted on two charges of violating section 8(13) of the Pharmacy Act, 1961, Sept. 27, P.L. 1700, Sec. 8, 63 P.S. 390–8(13), and pleaded guilty to both indictments. The sole contention on appeal is that the sentences imposed were manifestly excessive and violated the 8th Amendment guarantee against cruel and unusual punishment.

Because I find one of the sentences illegal *per se,* I would vacate both sentences and remand for resentencing. I therefore express no opinion on the majority's holding that as regards their length alone, as distinguished from their legality, the sentences were "well within statutory limits" and therefore not excessive. Majority at 802.

The sentencing provision of Section 8 of the Pharmacy Act, *supra,* provides:

(15) Any person who violates any of the provisions of this section 8 is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to undergo imprisonment for not more than one year or pay a fine of not more than five thousand dollars ($5000), or both, and *for each subsequent offense,* shall be sentenced to undergo imprisonment of not more than three years or to pay a fine of not more

than fifteen thousand dollars ($15,000, or both. 63 P.S. § 390–8(15) (emphasis added).

In this case the sentencing judge treated appellant's February violation as a "subsequent offense" with respect to the January violation, and imposed the following sentences:

> On the charge of Violation of the Pharmacy Act, Ind. 227, 1975, lettered A–2, which is *first in point of time* . . . this Court sentences the defendant to pay the costs . ., to pay a fine of Two Hundred . . . dollars . . . and to undergo imprisonment . . . for a period of not less than six (6) months, nor more than (1) year . . . On the charge to Ind. A–1 . . . this Court sentences the defendant to pay the costs . . ., to pay a fine of Three Hundred . . . dollars . . . *and to undergo imprisonment . . . for a period of not less than one (1) year, nor more than two (2) years to be computed consecutively to the sentence previously imposed* to A–2 . . .. (Emphasis added.)

The legislature, to my way of thinking, did not intend the "each subsequent offense" provision of Section 8 of the Pharmacy Act to give the court discretion to impose a more severe sentence on a defendant who is before the court for the first time but is charged with more than one violation of the Act. Rather, this provision was intended to allow the court to deal more severely with the repeater—the defendant who, because of a prior conviction, is cognizant of the ramifications of his behavior. *Commonwealth v. Lane,* 236 Pa.Super.Ct. 462, 345 A.2d 233 (1975).

I readily grant that the legislature could have made its meaning plainer by using the formulation found in the Controlled Substance Act, that is, "if the violation is committed after a prior conviction . . .." Nevertheless, in addition to the policy reasons I have discussed above, grammatical analysis .supports my reading, and undercuts the majority's. Section 8(15) of the Pharmacy Act speaks of "each subsequent offense." The. question is, subsequent to what? The nearest past reference in the section is to a "conviction" for another violation of section 8. Here, the second offense was antecedent to the conviction for the first.

It must be remembered, moreover, that even when the defendant is before the court for the first time, the court is not without resources enabling it to respond appropriately to multiple offenses. When the court believes that the number of offenses committed by the defendant warrants a more severe sentence, it may make the sentences consecutive rather than concurrent. Pa.R.Crim.P. 1406.

It follows from these considerations that the maximum legal sentence of imprisonment the sentencing judge could have imposed on appellant was one year on each indictment, the sentences to run consecutively. We have the statutory authority to correct a sentence that is illegal *per se.* Act of July 31, 1970, P.L. 673, No. 223, art. V, § 504, 17 P.S. § 211.504. I would, however, not undertake to correct the sentences here. It would be better, I think, to vacate both sentences and remand for re-sentencing consistent with this opinion.

HOFFMAN and CERCONE, JJ., join in this opinion.