J-S11010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEO ALFRED GLODZIK, III | |
| Appellant | No. 1198 MDA 2014 |

Appeal from the Judgment of Sentence Entered July 11, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP 40 CR2863-2013

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                **FILED APRIL 01, 2015**

Appellant, Leo Alfred Glodzik, III, appeals from the judgment of sentence entered on July 11, 2014, by the Court of Common Pleas of Luzerne County after a jury convicted him of one count of theft by unlawful taking of movable property.[1]  We affirm.

Appellant owned and operated LAG Towing and had a contract with the City of Wilkes-Barre. In January 2013, a Pennsylvania State Trooper, assigned to the FBI's Safe Streets Task Force that was investigating corruption in the city of Wilkes-Barre, went undercover to be a "dirty cop" allegedly in charge of a regional drug task force.  The trooper met with Appellant on January 14, 2013, to arrange for LAG Towing to tow vehicles

---

[1] 18 Pa.C.S.A. § 3921.

seized in connection with drug arrests, in exchange for Appellant providing a kickback to the undercover trooper.

A couple of weeks later, the trooper called Appellant to tow a vehicle. The car actually belonged to the Lackawanna County Auto Theft Task Force. Appellant arrived at the tow site and asked about the circumstances behind the vehicle seizure. The trooper told him that police officers had found a kilo of drugs and $25,000 in the vehicle. Appellant asked the trooper what generally happened to the cash found in the seized cars, to which the officer responded that the money goes into evidence. The car was towed to LAG Towing and placed in the impound lot.

The undercover trooper followed Appellant into the LAG Towing office. As they walked towards Appellant's office, Appellant told the trooper to "pick it up." N.T., 5/12/14, at 81; R.R. at 23a. He did not say what it was he wanted him to pick up, but Appellant then crumpled something up and threw it on a table as they passed by. The trooper picked up the crumpled item, which was a $100.00 bill. When they got to Appellant's office, Appellant again asked what was done with cash seized from vehicles. The trooper explained that money found in a seized "drug" car was put into a drug fund and reused. Appellant then suggested to the trooper that he place the money found in drug cars under the seat and they would split it between them after the car had been towed. *See id*., at 84; R.R. 24a.

On January 29, 2013, the officer called Appellant to tow a vehicle supposedly involved in a drug arrest, informing him that $2,100 cash was in

the ashtray of the vehicle. When the vehicle arrived at LAG Towing, the trooper watched Appellant remove the cash from the ashtray and put it in his pocket. Appellant then went into the building, counted the cash, pocketed $1,000, and wrapped $1,100 in a white paper towel before handing it to the trooper. As he handed the undercover trooper's "take" to him, Appellant said, "it's 11:00, it's 11:00 right?" N.T. at 88; R.R. 25a. It was actually about 7:00 at night. The trooper just nodded and put the money in his pocket.

Appellant was subsequently arrested and charged with theft of movable property and theft from a motor vehicle. After a jury trial, he was convicted of theft of movable property and sentenced to 3 months to 12 months' incarceration.[2] No post-sentence motions were filed. Appellant timely appealed to this this Court.[3]

In this appeal, Appellant briefed the following three issues:[4]

a. Whether the trial court erred in unilaterally excluding prospective juror, Linda Bloss, from the jury pool without requiring the Commonwealth to inquire and try to disqualify her.

b. Whether the trial court erred when it sustained the Commonwealth's objection to defense counsel's question

---

[2] Appellant was acquitted of the charge of theft from a motor vehicle.

[3] The trial court and Appellant complied with Pa.R.A.P. 1925.

[4] Appellant actually raised five issues, but indicated in his brief that he was withdrawing all but the three listed herein.

about whether the Defendant had the opportunity to steal $100,000 that was hidden in a drug car which he had towed but instead called the police to report it.

c. Whether the evidence was insufficient to convict the Defendant of theft by unlawful taking or disposition since [the trooper] directed the Defendant to remove the money from the vehicle and then count it out.

In his first issue, Appellant avers that the trial court erred in sustaining a challenge for cause of a juror because the juror had never indicated that she could not be impartial, and had not indicated that she had a fixed opinion about the case or about law enforcement in general. This issue has no merit.

The decision to remove a juror for cause rests within the discretion of the trial judge, and appellate courts will not reverse "in the absence of a palpable abuse of discretion." *Commonwealth v. Bomar*, 104 A.3d 1179, 1214-15 (Pa. 2014) (citation omitted). "[J]urors should be disqualified for cause when they do not have the ability or willingness to eliminate the influences under which they are operating and therefore cannot render a verdict according to the evidence." *Id*., at 1215 (citation omitted). "A juror's biases need not be proven with unmistaken clarity." *Commonwealth v. Baumhammers*, 92 A.3d 708, 742 (Pa. 2014). Our Supreme Court has determined that there is no error in disqualifying a juror who does "not 'feel comfortable about having to make a decision about someone else's life.'" *Id*. (citation omitted).

In the instant case, the trial court stated:

- 4 -

> Ms. Bloss had a very close relative, a grandson, charged with a crime involving a minor child. A review of the colloquy that occurred on May 12, 2014, between the [c]ourt, Attorney Sanguedolce, Attorney Sklarosky, Sr., and Ms. Bloss reveals an 'at length' discussion. Importantly, this [c]ourt recalls how uncomfortable, hesitant[,] and emotional Ms. Bloss became. She did not want to talk about her grandson's case. More importantly, she related it would be very hard for her because of what happened with her grandson's case to sit and judge this Defendant. She stated 'it would be difficult.' This [c]ourt not only heard Ms. Bloss' answers, but observed how hesitant and unsettled she felt to be a part of this process. As such, [the] motion to strike the juror for cause was granted.

Trial Court Opinion, dated 9/4/14, at 3.

Appellant's observation of what Ms. Bloss did *not* say during *voir dire* does not address the trial court's observation of the juror's demeanor which informed the trial court's proper exercise of its discretion in excusing her for cause. **See Baumhammers**, 92 A.3d at 742. He has failed to establish that the trial court abused its discretion. We, thus, conclude this issue has no merit.[5]

In his next issue, Appellant maintains that the trial court erred in sustaining the Commonwealth's objection when Appellant attempted to testify about a time when he did not take any of a significant amount of cash that he had found in a towed car.

In support, Appellant quotes a section of the trial transcript where the Commonwealth had asserted the objection; however, he does not direct us

_____

[5] Significantly, Appellant does not challenge the impartiality of the seated jurors.

to any portion of the testimony where he had objected to the court's ruling. In fact, as Appellant notes, defense counsel responded to the trial court's ruling sustaining the Commonwealth's objection by stating, "That's fine, Judge" and "Okay. Well, I'll move on." Appellant's Brief at 13-14 (quoting R.R. at 73a-75a).

"The failure to object to a trial court's refusal to accept certain testimony results in waiver of the right to raise that issue on appeal." **Thompson v. Thompson**, 963 A.2d 474, 477 (Pa.Super. 2008) (citation omitted). **See also** Pa.R.A.P. 302(a) ("[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Appellant acquiesced to the trial court's ruling. Because Appellant did not object to the court's refusal to accept his testimony, this issue is waived.[6]

In his last issue, Appellant challenges the sufficiency of the evidence. It is well-settled that

> [i]n reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain this burden by means of wholly circumstantial evidence.

---

[6] We also note that neither the statement of the case nor the argument section of Appellant's brief contains a specific statement of the place in the record where his claims were raised and preserved before the trial court. Accordingly, the issue is waived on that basis as well. **See** Pa.R.A.P. 2117(c); **Phillips v. Lock**, 86 A.3d 906, 920-921 (Pa. Super. 2014);

- 6 -

***Commonwealth v. Johnson***, 107 A.3d 52 (Pa. 2014) (citations omitted).

A person is guilty of theft by unlawful taking or disposition of movable property if he "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). "Deprive" is defined as "(1) [t]o withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value, or with intent to restore only upon payment of reward or other compensation; or (2) to dispose of the property so as to make it unlikely that the owner will recover it." 18 Pa.C.S.A. § 3901.

The trial court addressed Appellant's sufficiency challenge as follows.

> The Defendant argues in … the 1925(b) Statement that the Commonwealth's evidence was insufficient on the charge of theft by unlawful taking because the Trooper directed the Defendant to remove the money from the vehicle and then count it out.

> The Defendant's argument is flawed. The Defendant testified the Trooper directed him to remove the money from the vehicle, but the Trooper's testimony was distinctly different. The trooper stated he merely told the Defendant the money was in the car, and that it was the Defendant who removed it. The 1925(b) Statement fails to specifically reference the testimony which Defendant wants us to consider.

> Moreover, the jury heard all of the evidence. The jury is free to judge the credibility of the witnesses and may believe all, part or none of the testimony. It is patently clear from the verdict that the jury found the Trooper's testimony credible.

Trial Court Opinion at 7-8.

In his brief, Appellant reiterates select portions of his trial testimony to emphasize that (1) it was his employee who towed the car after the trooper

had relayed to Appellant that there was "a couple of G's in the ashtray;" (2) Appellant had testified about procedures he allegedly follows for recording belongings found in towed cars; and (3) Appellant thought that the undercover trooper had signaled to him with his hand that he (the trooper) wanted $1,100.00. Appellant's Brief at 17. Without addressing any of the evidence which showed that Appellant himself pocketed $1,000.00, he then summarily concludes that "[a]t no point did the Commonwealth establish that Appellant removed the money from the vehicle unlawfully with the intent to deprive the owner." *Id*.

Appellant's self-serving reiteration of select testimony does not address the entirety of the evidence that was presented at trial, and does not even support his general contention that the evidence was insufficient to sustain his conviction for unlawful taking of movable property.[7] Accordingly, we affirm the judgment of sentence.

Moreover, Appellant's challenge, based as it is on an assertion that his testimony was more accurate, persuasive, and believable than anyone else's, actually addresses the weight, not the sufficiency, of the evidence. A weight of the evidence claim must be raised in a post-trial motion in order to

_____

[7] After reciting the elements of the offense of theft of movable property, Appellant cites the case of **Commonwealth v. Richardson**, 357 A.2d 671 (Pa.Super. 1976). In **Richardson**, this Court determined that the evidence had been sufficient to sustain a conviction for theft of movable property. Appellant does not provide any discussion as to how **Richardson** supports, or is otherwise relevant, to his contention of insufficient evidence.

preserve it for appellate review. **See** Pa.R.Crim.P. 607; **Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014). Appellant did not file any post-trial motions. Accordingly, the issue as a weight claim is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015