392 A.2d 745

**COMMONWEALTH of Pennsylvania**

v.

**Rickey Alonso KAUFFMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided Oct. 20, 1978.

George E. Wenger, Jr., Chambersburg, for appellant.

John R. Walker, District Attorney, Chambersburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

In connection with the felling of the Smokey Mountain Fire Tower, appellant and two co-defendants were charged and convicted of criminal mischief and criminal conspiracy under Sections 3304(a)(2) and 903(a)(1) of the Pennsylvania Crimes Code. Act of December 6, 1972, P.L. 1482, § 1, 18 P.S. §§ 903 and 3304 (1973). Each defendant was represented by court-appointed counsel from the Office of the Franklin County Public Defender. Appellant and co-defendant Edward T. Miller appealed their convictions to this court. We affirmed. *Commonwealth v. Miller*, 234 Pa.Super. 146, 339 A.2d 573 (1975). Appellant subsequently filed a post-conviction petition pursuant to the Post Conviction Hearing Act. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1974). In his petition, appellant alleged: (1) that counsel's failure to advise him of the Superior Court's affirmance of his conviction and of his right to a timely appeal to the Supreme Court was a denial of effective assistance of counsel; (2) appellant and co-defendant's representation by the same public defender's office was a conflict of interest denying appellant his right to effective assistance of counsel.[1]

The PCHA court found that appellant had been denied the right to petition for allocatur, but held that it was without

[1]. Appellant also raised two other issues: (1) ineffective assistance of counsel because of counsel's failure to supply appellant with requested documents; (2) unconstitutional deprivation of appellant's right to

authority to grant the right to file a nunc pro tunc petition for allowance of appeal. We need not decide whether this conclusion was correct (but see *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977),) because appellant now disclaims any interest in seeking further review of the issues raised on his direct appeal, apparently because one of his co-defendants obtained Supreme Court review of the same issues, and affirmance resulted. *Commonwealth v. Miller*, 469 Pa. 24, 364 A.2d 886 (1976).

    ■ As to the claim of conflict of interest, we note that we agree with appellant that if it was improper for one public defender to represent more than one co-defendant, it was equally improper for two or more to do so. Disciplinary Rule 5–105(D) of the Code of Professional Responsibility states:

> "If a lawyer is required to decline employment or to withdraw from employment under a Disciplinary Rule, no partner, associate or any other lawyer affiliated with him or his firm may accept or continue such employment."

This language clearly includes members of the same defender office; compare *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974).

    ■ However, we are unable to agree with appellant's contention that joint representation is constitutionally forbidden in the absence of an explicit waiver. In *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978), the Supreme Court stated:

> "One principle applicable here emerges from [*Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680

challenge the array of the grand jury. As to the former claim, it is incumbent upon the party seeking relief to prove the claims set forth in the petition. Appellant has failed to show how he intended to use these documents and how his not having them rendered counsel's assistance ineffective. *Commonwealth v. Logan*, 468 Pa. 424, 364 A.2d 266 (1976); *Commonwealth ex rel. Johnson v. Rundle*, 440 Pa. 485, 270 A.2d 183 (1970). As to the latter claim, appellant must show a ground for challenging the array of the grand jury and not merely that an opportunity to assert such a challenge was not available. *Commonwealth v. Bozzi*, 178 Pa.Super. 224, 116 A.2d 290 (1955). Consequently, these two claims are without merit and are dismissed.

(1942)] without ambiguity. Requiring or permitting a single attorney to represent codefendants, often referred to as joint representation, is not *per se* violative of constitutional guarantees of effective assistance of counsel."

Of course, the Pennsylvania Supreme Court has the right, in the exercise of its supervisory authority, to set higher standards for Pennsylvania, but that court has more than once rejected the opportunity to adopt a per se rule against joint representation. See *Commonwealth v. Breaker*, 456 Pa. 341, 318 A.2d 354 (1974) and cases cited therein. In the light of *Holloway* and *Breaker* we are impelled to reject the rule appellant proposes.

As to the existence of a potential for conflict in the instant case, the closest appellant comes to alleging a possibility of conflict is to point out that he was offered an opportunity to testify against his codefendants in return for leniency. Obviously, there was a possibility here that the defender association's other clients would be prejudiced by the actions of appellant's individual counsel in trying to negotiate a bargain favorable to him. But appellant has no standing to complain about what *might* have happened to his codefendants had he taken the opportunity to testify against them. And there is not the slightest suggestion in any of the allegations in the PCHA petition, any argument made at the hearing, or anywhere in appellant's brief that counsel induced him to reject the offer in order to protect the interests of his codefendants. Appellant testified as follows at the PCHA hearing:

"[Trial counsel] said he had to let the District Attorney know whether I was going to testify or not . . . I told him I'd think about it . . . And, the following day he came back to the jail to talk to me and I told him I know I didn't want any part of any deals."

As appellant has failed to establish that the joint representation was potentially harmful to him, we conclude that the court below was correct in denying a new trial.

Order affirmed.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.