410 A.2d 815

**COMMONWEALTH of Pennsylvania,**

v.

**William Clark ALBERTSON, III, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Sept. 14, 1979.

Petition for Allowance of Appeal Denied Jan. 8, 1980.

506

508

Robert L. Marks, Public Defender, Danville, for appellant.

Gailey C. Keller, District Attorney, and with him William S. Kreisher, Assistant District Attorney, Bloomsburg, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

PRICE, Judge:

On June 14, 1977, appellant pleaded guilty to four counts of burglary,[1] and one count each of attempted burglary, criminal attempt,[2] escape,[3] and theft of movable property.[4] His plea was accepted, and he then was ordered to pay the costs of prosecution and make restitution to the victims; he was also sentenced to a term of imprisonment of from ten to twenty years on each of the four burglary counts and on the attempted burglary count, and from three and one-half to seven years each on the counts of criminal attempt, escape, and theft of movable property. The sentences were to run concurrently. No post-trial motions were filed, nor was any direct appeal taken from the judgment of sentence. Appellant filed a petition pursuant to the Post Conviction Hearing Act[5] (PCHA), alleging ineffectiveness of counsel with regard to his guilty plea. Counsel for appellant was appointed,[6] and a hearing date was set. During the hearing on the petition, appellant raised the issue of ineffectiveness of trial counsel due to a conflict of interest, to-wit, the law partner of appellant's counsel represented

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 901.

3. 18 Pa.C.S. § 5121.

4. 18 Pa.C.S. § 3921(a).

5. Act of January 25, 1966, P.L. (1965) 1580 § 1 *et seq.* (19 P.S. § 1180–1 *et seq.*) (Supp.1978–79).

6. Appellant's trial counsel was Cleveland C. Hummel and his co-defendant's counsel was Thomas A. James. Both attorneys were law partners in the firm of Hummel, James and Mihalik, a firm which does the bulk of the public defender work in Columbia County. Counsel for appellant during his PCHA proceeding and on appeal to this court has been Robert L. Marks, Public Defender for Montour County. Although trial counsel and appellate counsel are both public defenders, appellate counsel is not from the same office as trial counsel, and thus there is no need to remand this case for appointment of counsel outside the public defender's office. *See Commonwealth v. Glasco*, 481 Pa. 490, 393 A.2d 11 (1978).

appellant's co-defendant.[7] This petition was denied per order dated April 3, 1978. It is from this order that appellant appeals.

On appeal, appellant again contends that a conflict of interest was created by the dual representation of appellant and his co-defendant by the same law firm, and that this conflict resulted in harm to appellant, thus denying him effective representation by competent counsel. Additionally, appellant contends that the sentence imposed on the charge of attempted burglary was illegal. We agree with appellant's latter contention, and therefore vacate the sentence imposed on the attempted burglary charge and remand to the court below for resentencing on that charge.

Initially, we note that representation of co-defendants by different attorneys of the same law firm constitutes dual or joint representation. Accordingly, if it would have constituted a conflict of interest for one attorney to represent both co-defendants, it is equally improper if one law firm represents both co-defendants. In the case of *Commonwealth v. Kauffman*, 258 Pa.Super. 183, 185, 392 A.2d 745, 746 (1978), this court held:

"As to the claim of conflict of interest, we note that we agree with appellant that if it was improper for one public defender to represent more than one co-defendant, it was equally improper for two or more to do so. Disciplinary Rule 5–105(D) of the Code of Professional Responsibility states:

'If a lawyer is required to decline employment or to withdraw from employment under a Disciplinary Rule, no partner, associate or any other lawyer affiliated with

7. The court below, in its opinion supporting the April 3 order, noted that this was the sole issue which appellant raised during the PCHA hearing. Our independent review of the record of that proceeding discloses that appellant also raised the issue of the illegality of the sentence imposed on the attempted burglary charge. In any event, this issue is properly before this court because claims of illegality of sentence cannot be waived. *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Belgrave*, 258 Pa.Super. 40, 391 A.2d 662 (1978).

him or his firm may accept or continue such employment.'

This language clearly includes members of the same defender office; compare *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974)."

However, the mere fact of dual representation is insufficient to support a finding of conflict of interest, and is not a per se violation of constitutional guarantees of effective assistance of counsel. *See Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Commonwealth v. Breaker*, 456 Pa. 341, 318 A.2d 354 (1974). To make the dual representation rise to a true conflict, appellant need not show that actual harm resulted, but must at least show the possibility of harm. *Commonwealth v. Westbrook*, 484 Pa. 534, 400 A.2d 160 (1979); *Commonwealth v. Breaker, supra.* Our supreme court has held that:

" 'appellant will satisfy the requirement of demonstrating possible harm, if he can show, inter alia, "that he had a defense inconsistent with that advanced by the other client, or that counsel neglected his case in order to give the other client a more spirited defense." ' (citations and footnote omitted)." *Commonwealth v. Westbrook, supra,* 484 Pa. at 538, 400 A.2d at 162, *citing Commonwealth v. Breaker, supra* 456 Pa. at 345, 318 A.2d at 356.

If a conflict of interest is found to have arisen from the dual representation, the mere existence of such conflict vitiates the lower court proceedings. *Commonwealth v. Westbrook, supra; Commonwealth v. Breaker, supra.*

Appellant cites two bases upon which, he contends, a finding of harm is supported: (1) appellant claims he had a good defense for his escape charge, but was forced to abandon it as part of his guilty plea strategy; and (2) appellant claims that the statements made by his co-defendant which implicated appellant in one of the burglaries would have necessitated counsel's attacking at trial, his co-defendant's credibility during cross-examination.

■ The vague references in the record to appellant's "good defense" do not support a finding that there was a

"*substantial* defense not raised that was inconsistent with that of [appellant's] co-defendant." *See Commonwealth v. Cox,* 441 Pa. 64, 270 A.2d 207 (1970); *Commonwealth v. Pettiford,* 253 Pa.Super. 503, 385 A.2d 452 (1978). First, the nature of the alleged defense is nowhere expounded upon in the record. The record does reveal, however, that appellant helped to make a rope, attempted to throw it over a prison wall (this goal was ultimately accomplished by co-defendant DeFrain), and intended to obtain a gun in order to effectuate the escape. (N.T. 17–20). How these facts support a finding that a substantial defense existed is beyond our comprehension. Second, even assuming that a substantial defense did exist, we would be unable to discern how that defense was inconsistent with the defense presented by co-defendant DeFrain, particularly in light of the fact that DeFrain offered *no* defense to the escape charge, but instead plead guilty.

Nor do we conclude that appellant was denied effective assistance of counsel. Initially, we recognize that a presumption exists that counsel is competent and that a claim of ineffectiveness will not be successful unless it is sustained by the record or other credible evidence. *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977). In passing upon the claim of ineffective assistance, the single question is whether counsel's choice of strategy had some reasonable basis designed to effectuate his client's interests. "Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (footnote omitted). *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 353 (1967). Thus, counsel is deemed constitutionally effective once we conclude that the particular course chosen was in the interest of the client, and we will not substitute hindsight evaluation of the record to determine retrospectively whether counsel's decision was reasonable.

In the instant case, the evidence firmly indicated appellant's guilt with respect to the attempted escape

charge. When faced with the alternatives of recommending that appellant plead not guilty to the charge and risk the possibility of receiving a consecutive sentence if convicted after trial, or recommending that appellant plead guilty and accept the Commonwealth's offer to recommend to the lower court that appellant receive concurrent sentences on all charges, counsel chose to recommend the latter. Indeed, appellant did receive concurrent sentences. In light of the above facts, we conclude that counsel's strategy did have a reasonable basis designed to effectuate appellant's interests, and as such, we deem counsel's assistance to be constitutionally effective.

■ Appellant also claims that the implicating statements of his co-defendant necessitate a finding of conflict of interest. The statements appellant alludes to were purportedly made by co-defendant DeFrain to a Pennsylvania official while DeFrain was being transported from North Carolina to Pennsylvania, and they insinuated that appellant was involved in one of the burglaries committed after the prison break. In order to have zealous representation, appellant contends, his counsel would have had to attack DeFrain's credibility, thus sacrificing the interests of one co-defendant for the other. We find this argument to be waived.

Appellant's claims of ineffectiveness due to conflict of interest must be evaluated in the context of his guilty plea. In the case of *Commonwealth v. Chumley*, 482 Pa. 626, 640–641, 394 A.2d 497, 504–505 (1978), our supreme court stated:

> "Upon entry of a plea of guilty, all grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974). Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. See *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Bunch*, 466 Pa. 22, 351 A.2d 284 (1976)."

In the instant case, appellant does not allege that his plea was rendered involuntary and unknowing by any possible conflict that may have arisen from the fact of his co-defendant's implicating statements, nor does he challenge the jurisdiction of the sentencing court. Under these circumstances, we find that the issue appellant seeks to raise is not properly before this court.

The final argument which appellant puts forth is that the sentence imposed on the attempted burglary charge was illegal. We agree, and therefore remand the case to the court below for resentencing on the charge of attempted burglary. Burglary is a felony of the first degree (18 Pa.C.S. § 3502(c)), but attempted burglary is only a felony of the second degree. See 18 Pa.C.S. § 905(a). Second degree felonies are punishable by imposition of a prison sentence not to exceed ten years. 18 Pa.C.S. § 1103(2). Additionally, the court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed. 18 Pa.C.S. § 1356(b). As applied to the instant case, the greatest term of imprisonment that could have been imposed on the attempted burglary charge is one of from five to ten years. The court below sentenced appellant to a term of imprisonment of from ten to twenty years on that charge. The sentence clearly exceeds statutory limits as to both maximum and minimum terms of imprisonment and, as such, is patently illegal and cannot be allowed to stand. See, e. g., Commonwealth v. Young, 256 Pa.Super. 392, 389 A.2d 1180 (1978).

Accordingly, we vacate the sentence on the attempted burglary charge and remand to the court below for resentencing on that charge in accordance with this opinion.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

Although I agree with the majority that appellant was incorrectly sentenced on the attempted burglary charge, I should go further and grant appellant a new trial because,

when he pleaded guilty, he was deprived of his right to effective counsel.[1]

The majority correctly notes that in *Commonwealth v. Kauffman*, 258 Pa.Super. 183, 392 A.2d 745 (1978), we held that if it would have been a conflict of interest for one public defender to represent more than one defendant, it would have been equally a conflict for two or more public defenders from the same office to do so. The majority then goes on, however, to reject appellant's two specific allegations of conflict of interest. I agree with the majority that appellant's first allegation, that as part of a coordinated strategy with his co-defendant he had to abandon a good defense to the charge of escape, is not supported by the record. I have much more difficulty, however, with the majority's treatment of appellant's second allegation, that his counsel's advice to plead guilty did not constitute effective representation because it was motivated by counsel's knowledge that since appellant and his co-defendant had implicated each other to the police, it might be necessary for counsel to attack the credibility of the co-defendant, *i. e.*, of his fellow counsel's client. The majority believes that appellant waived consideration of this second allegation because he did not also allege that his guilty plea was involuntary or unknowing. However, we are not to read a PCHA petition as though it had to follow common law rules of pleading. Appellant is saying that he pleaded guilty on the basis of counsel's advice, but that that advise was tainted by conflict of interest. To me, this is a clear allegation that appellant did not plead guilty intelligently. Furthermore, in *Commonwealth v. Breaker*, 456 Pa. 341, 318 A.2d 354 (1974), the

1. The majority assumes without discussion that appellant may raise the ineffectiveness claim before us, in spite of the fact that his trial counsel was remiss in not filing a petition to withdraw the guilty plea. It is generally proper procedure when challenging a guilty plea to file a petition to withdraw. *Commonwealth v. Schwartz*, 251 Pa.Super. 36, 379 A.2d 319 (1977). However, in *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978), we held that where the appellant's PCHA petition claimed that he was unlawfully induced to plead guilty because of his trial counsel's ineffectiveness, trial counsel's failure to file a petition to withdraw did not constitute a waiver of the ineffectiveness claim.

leading case, the appellant had pleaded guilty on the basis of advice he later alleged to be tainted by a conflict of interest. While the Court did not explicitly deal with the question of whether the guilty plea was therefore not intelligent, once it concluded that there was a conflict of interest, it invalidated the plea. We should, therefore, consider appellant's allegation on the merits.

On the merits, *Breaker* is again instructive. The Court there believed that the appellant had "amply demonstrated the possibility of harm" resulting from his sharing counsel with a co-defendant who had previously implicated him. 456 Pa. at 345, 318 A.2d at 356. The Court stated:

In the instant case there was no other choice open to Mangold's attorney [Mangold was the co-defendant; his attorney also represented the appellant, Breaker] but to advise appellant to plead guilty. Had appellant pleaded not guilty, counsel would then have been confronted with the necessity of cross-examining the "implicating" client, Frank Mangold. By doing so, counsel might well have violated his duty to Mangold.

456 Pa. 346 n. 3, 318 A.2d 356 n. 3.

The facts here reveal a similar problem. Although appellant and his co-defendant, Robert Defrain, were represented in the bulk of the proceedings by two different attorneys, the attorneys worked closely together. There were at least four or five meetings at which appellant, his co-defendant and both attorneys were present. N.T. at 8, 22, 29, 42, 43 (PCHA Hearing, Feb. 1, 1978). Moreover, both attorneys were aware that appellant and his co-defendant had implicated each other to the police. N.T. at 33, 34. Indeed, at one point Defrain's attorney, Thomas James, said that he had suggested the possibility of testifying to Defrain, but that Defrain did not want to testify against appellant because they were "very close friends." N.T. at 43.

Whether Defrain would or would not have testified against appellant is obviously unknowable. Nevertheless, if

Defrain had chosen to implicate appellant at trial, appellant's counsel, Cleveland Hummel, would have been in a difficult position. He would have owed appellant a duty to cross-examine Defrain vigorously. Yet this would have been difficult because Hummel was affiliated with James and had planned the case with him. In short, as appellant's counsel, Hummel had a strong incentive to urge appellant to plead guilty. This alone, I suggest, is enough to show a "possibility of harm" in Hummel's representation of appellant.

There is additional evidence of a conflict of interest. Initially, James represented both appellant and Defrain. Within a month of their arrest, he withdrew as appellant's counsel because, as he wrote appellant, "there will possibly be a conflict of interest with one attorney representing both of you." N.T. at 41. Although James's letter did not elaborate on the conflict he foresaw, it remains a highly probative admission of conflict. The legal profession recognizes that a lawyer is a good judge of whether a conflict of interest exists. *See* Disciplinary Rule 5–105(B) ("A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, . . ."). In *Commonwealth v. Knight*, 245 Pa.Super. 337, 343, 369 A.2d 431, 434 (1976), (concurring opinion), where the conflict of interest issue was close, I especially noted the fact that the attorney had expressed a desire to withdraw from the case. Here, it is to be regretted that upon perceiving a possible conflict, James chose to turn appellant's case over to his colleague, Hummel, who accepted it.[2]

I should grant appellant a new trial.

**2.** Hummel testified that he and James are the only two public defenders in Columbia County. He also testified that the court had appointed outside counsel where there were conflicts involving more than two defendants, but that where there were only two defendants, "we take both of them." N.T. at 27. This policy, I submit, should be reconsidered.