419 A.2d 1196

**COMMONWEALTH of Pennsylvania**

v.

**George GRANT, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed April 3, 1980.

382

Justin K. McCarthy, Bethlehem, for appellant.

Michael E. Riskin, Assistant District Attorney, Bethlehem, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

Appellant, George Grant (Grant), and his brother were charged with robbery and theft in January 1975 and jointly tried by a jury in Northampton County while represented by different members of the same public defender's office. Both were found guilty of the charges, and Grant was sentenced to a term of seven and one–half to fifteen years imprisonment. Represented by trial counsel, Grant unsuccessfully sought relief on direct appeal.[1] He then filed an

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

1. *Commonwealth v. Grant,* 244 Pa.Super. 568, 371 A.2d 855 (1976), *allocatur refused.*

uncounselled petition under the Post Conviction Hearing Act[2] (PCHA). New counsel, unconnected with the public defender's office, was appointed to represent him, and, after an evidentiary hearing, the PCHA court entered an order denying relief. This is an appeal from that order.

 Grant alleges his representation at trial by a member of the same public defender's office which represented his co–defendant resulted in an impermissible conflict of interest which entitles him to a new trial. While it is true that representation by members of the same public defender's office constitutes dual representation, the fact of dual representation alone does not establish a conflict of interest. *Commonwealth v. Kauffman,* 258 Pa. Super. 183, 392 A.2d 745 (1978); see also, *Commonwealth v. Westbrook,* 484 Pa. 534, 400 A.2d 160 (1979). In order for dual representation to rise to a conflict, a party must make a showing of possible harm. This may be done, *inter alia,* by showing that the party had a defense inconsistent with the other client or that counsel neglected the party's case in order to give the other client a more spirited defense. *Commonwealth v. Knight,* 245 Pa.Super. 337, 369 A.2d 431 (1976). Instantly, Grant and his co–defendant asserted separate, independent, alibi defenses, and Grant has made no showing of a possibility of harm resulting from the dual representation. Under the circumstances, denial of relief on this ground was proper.

Grant next complains of five instances of alleged ineffective assistance of trial counsel.[3] "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's inter-

2. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp.1979–80).

3. These claims are not waived for failure of Grant to raise them on direct appeal. Trial counsel also represented Grant on direct appeal and cannot be expected to have raised his own ineffectiveness. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

ests." . [Emphasis omitted.] *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

Grant claims trial counsel was ineffective for failure to cross—examine the chief Commonwealth witness sufficiently on the issue of identification. Specifically, he asserts counsel should have inquired into the witness' sobriety at the time of the offense because the offense took place during the Christmas holiday season. At the PCHA hearing, trial counsel acknowledged he had not inquired into the witness' sobriety, but indicated he felt he had asked sufficient questions on the issue of identification. The record supports this. There was no specific reason to challenge the sobriety of the witness, a co—manager of the beverage company which was robbed.

In a related claim, Grant asserts trial counsel was ineffective for failure to have a court stenographer present at the preliminary hearing. It is said a witness testified at the hearing that one of the perpetrators was six feet, three inches tall. Grant maintains this testimony could have been used to impeach the witness' credibility at trial because neither he nor the co—defendant is that tall. Defense counsel testified he took notes at the preliminary hearing for use during trial. At trial, the testimony regarding both in—court identification and out—of—court identification, based on an array of approximately one hundred fifty photographs, was very strong. Moreover, Grant was six feet tall and the height of the guilty parties never became an issue. Under the circumstances, we find no ineffectiveness.

Counsel's failure to subpoena other individuals questioned by the police in connection with the offense subsequent to Grant's indictment is also challenged. While trial counsel was aware of the identity of one person so questioned by the police, his failure to subpoena that person was not ineffective assistance. The fact that other persons were questioned by police was brought out by defense counsel during the course of the trial and was argued to the jury. Additional

testimony on that point would have had little, if any, probative value.

Trial counsel's failure to request a severance is attacked. Trial counsel testified this decision was intentional. Identification testimony against Grant was strong, but identification testimony against the co–defendant, Grant's brother who bore a strong physical resemblance to Grant, was weak. Counsel made a reasonable strategic decision to permit a joint trial in the hope that the weakness of the identification testimony against the co–defendant would aid Grant's defense.

Finally, Grant alleges trial counsel was negligent and, therefore, ineffective for permitting Grant's alibi witness, Belisaire, to be interviewed by the district attorney immediately before testifying, thus, permitting the witness to be pressured into changing his testimony. Belisaire, he claims, was subject to pressure because he is a drug addict and had open criminal charges at the time of Grant's trial. In support of this theory, Grant testified that Belisaire, after testifying to facts different from what he had told trial counsel during pre–trial interviews, passed Grant in the courtroom and said, "They made me." The PCHA record reveals the alibi witness was so reluctant to appear that county detectives were dispatched to bring him to court in lieu of granting a continuance. He was brought to the district attorney's office upon his arrival because the court was then in recess. Nothing was offered to prove Belisaire conversed with members of the district attorney's office during his wait. Trial counsel testified that he noticed nothing unusual about Belisaire's physical condition when they spoke which would support the claim Belisaire is a drug addict. Additionally, Belisaire had not informed trial counsel of any contact with the district attorney's office immediately before testifying. Belisaire himself did not testify at the PCHA hearing. Trial counsel cannot be deemed ineffective on this record.

Order affirmed.